**Affirmed and Opinion filed April 23, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00429-CV

## JOE E. HENDERSON, Appellant

## V.

## MARILYN KAY BLALOCK, Appellee

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 58699**

## O P I N I O N

The trial court dismissed appellant Joe E. Henderson's suit for want of prosecution after it had been pending for over three years with virtually no activity and Henderson failed to appear for trial. Henderson filed a motion to reinstate, arguing that his counsel overlooked the trial setting. That motion was overruled by operation of law. In this appeal, Henderson asserts that the trial court abused its discretion and that the judgment is void. We affirm.

## BACKGROUND

In July 2010, Henderson filed a petition for declaratory and injunctive relief against appellee Marilyn Kay Blalock, claiming adverse possession of certain real property located in Brazoria County. According to the record, Henderson's initial actions to further the prosecution of his suit were limited to: (1) filing on July 19, 2010 the petition and a corresponding application for a temporary restraining order; (2) requesting on July 19, 2010 service of the citation and temporary restraining order on Blalock at a West Virginia address; and (3) filing a request on August 2, 2010 to set the case on the jury trial docket, but without specifying any docket date. The record indicates no further action by Henderson in furtherance of the suit in over three years following the August 2010 filing.

On January 9, 2014, the trial court issued a notice of intent to dismiss due to the lack of activity in the case, and set a show cause hearing for February 11, 2014. The trial court retained the case at that time and set it for trial in May 2014. According to the record, Henderson's actions following issuance of the trial court's notice of intent to dismiss consisted of: (1) requesting on February 11, 2014 service of the petition on Blalock; (2) filing a motion on February 14, 2014 to substitute Henderson's counsel; and (3) filing a motion on April 1, 2014 for service of process on Blalock by publication.

On May 6, 2014, the trial court signed an order that reads:

> The court retained the above named cause on the docket February 14, 2014 and set it for trial on May 5, 2014. The parties did not show for trial.
>
> The action was not accomplished by the required date. The case is therefore dismissed for want of prosecution.

The trial court sent out notice of its order dismissing the case for want of prosecution the following day.

2

Then, on May 9, 2014, Henderson's counsel filed with the trial court a verified motion to reinstate the case. Counsel acknowledged in the motion that "Plaintiff's Attorney did not appear in court on the date this case was set for trial." The sole explanation counsel provided in the motion for this failure to appear was that "Plaintiff's Attorney overlooked the trial setting." Blalock filed an opposition to the motion to reinstate. The trial court did not sign a written order on Henderson's motion to reinstate. Therefore, the motion was overruled by operation of law. *See* Tex. R. Civ. P. 165a(3).

**ANALYSIS**

***The Trial Court Did Not Abuse Its Discretion in Dismissing the Case for Want of Prosecution.***

In his second of three issues, Henderson challenges the trial court's dismissal of the case for want of prosecution. This court will reverse a trial court's dismissal for want of prosecution only if the court clearly abused its discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the trial court's inherent authority to manage its own docket. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Gantt v. Getz*, No. 14-10-00003-CV, 2011 WL 1849085, *4 (Tex. App.—Houston [14th Dist.] May 12, 2011, no pet.) (mem. op.). Under Rule 165a, a court may dismiss a case due to the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," Tex. R. Civ. P. 165a(1), or when a case is "not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules," Tex. R. Civ. P. 165a(2).[1]

---

[1] "Rule 6 of the Rules of Judicial Administration provides that civil jury cases must be disposed of within 18 months from the appearance date." *Villarreal*, 994 S.W.2d at 630 n.3; *see*

(continued)

3

*See also Villarreal*, 994 S.W.2d at 630; *Gantt*, 2011 WL 1849085 at *4. "In addition, under the common law, the trial court has the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute its case with due diligence." *Southwell Invs. Group, III v. Indwell Res., Inc.*, No. 14-08-00695-CV, 2010 WL 1379987, *1 (Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.); *see also Villarreal*, 994 S.W.2d at 630.

The trial court did not specify in its dismissal order whether it was dismissing the case under one of the provisions of Rule 165a or the court's inherent authority. Henderson acknowledges that the court's order was "silent as to the basis for dismissing the case,"[2] but Henderson later states that the only applicable basis for dismissing this case is the court's inherent authority. "If the trial court does not enter findings of fact or conclusions of law, and the trial court's order dismissing a case for want of prosecution does not specify a particular reason for the dismissal," as is true here, "we will affirm if any proper ground supports the dismissal." *Gantt*, 2011 WL 1849085 at *4. Therefore, it is not necessary for us to evaluate whether the trial court's order was proper under Rule 165a, because we can affirm the dismissal based on an analysis limited to the court's inherent authority. *See id.*; *Southwell*, 2010 WL 1379987 at *1.

A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on

---

*also* Tex. R. Jud. Admin. 6.1(b)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 2013).

[2] Although the trial court noted the parties' failure to appear for trial on May 5, 2014 in the dismissal order, the court did not explicitly ground its order on Rule 165a(1). Also, the court's prior notice of intent to dismiss issued on January 9, 2014 referenced the lack of activity in the case in the preceding three years, which raises the possibility that the dismissal order may have been based on exceeding the supreme court's time standards or the trial court's inherent authority to manage its docket.

file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. *Gantt*, 2011 WL 1849085 at *6; *Southwell*, 2010 WL 1379987 at *2. No single factor is dispositve. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The central issue is whether the plaintiff exercised due diligence in prosecuting the case, and we review the entire record to determine whether the trial court abused its discretion. *Gantt*, 2011 WL 1849085 at *6; *Southwell*, 2010 WL 1379987 at *1–2. "When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned." *Gantt*, 2011 WL 1849085 at *6 (quoting *See Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.] 1993, no writ)). "If the plaintiff does not provide a sufficient explanation for delay, the presumption of abandonment is conclusive and the court shall dismiss." *Gantt*, 2011 WL 1849085 at *6; *but cf. Jimenez*, 999 S.W.2d at 129 ("In a dismissal for want of prosecution, the test is not abandonment; the test is due diligence.").

This case had been pending on the trial court's docket with no apparent activity for over three years and five months at the time trial court issued its notice of intent to dismiss in January 2014. Even after the trial court issued its notice of intent, the only activity by Henderson that is demonstrated in the record is the substitution of counsel and some effort to perfect service of process on Blalock. And Henderson did not appear on the trial date set by the court after it retained the case. Henderson acknowledges in his brief the "uncommon length of time" the case had been pending and that "little activity occurred" during its pendency. Yet Henderson fails to provide any specific demonstration to refute the presumption of abandonment or otherwise show due diligence in prosecuting the suit. Instead, Henderson makes repeated assertions that he has announced ready for trial, but

without support in the record and despite the failure to appear at trial. *See Jimenez*, 999 S.W.2d at 129 ("[A] belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence."). Henderson also claims the trial court's judgment is based on "official mistake" relating to the court's allegedly erroneous determination regarding the need for service on Blalock, but the record does not indicate any such determination or that the court's dismissal order was predicated on a lack of service on Blalock.

Considering the record as a whole—specifically, the excessive amount of time the case had been pending before the trial court, the inactivity by Henderson to further the prosecution (culminating in the failure to appear at trial), and the absence of a sufficient explanation for the delay—we conclude the trial court did not abuse its discretion in dismissing the case for want of prosecution pursuant to the court's inherent authority. *See Southwell*, 2010 WL 1379987 at \*2 (affirming dismissal where case was on file for more than three years with little activity); *see also Gantt*, 2011 WL 1849085 at \*6 (noting dismissals based on inactivity for approximately 12 months have been upheld on appeal, and listing cases). Accordingly, we overrule appellant's second issue.

### *The Trial Court Did Not Abuse Its Discretion in Denying Henderson's Motion to Reinstate.*

In his first issue, Henderson challenges the trial court's denial of his motion to reinstate. As with orders dismissing a case for want of prosecution, "[w]e review a trial court's denial of a motion to reinstate for abuse of discretion." *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g); *see also Burnett v. Carnes Funeral Home*, No. 14-12-01159-CV, 2014 WL 2601567, \*5 (Tex. App.—Houston [14th Dist.] June 10, 2014, no pet.) (mem. op.).

As noted in the preceding section, the trial court did not specify in its order whether it was dismissing the case pursuant to one of the grounds in Texas Rule of Civil Procedure 165a or pursuant to the court's inherent authority. "If an order dismissing a case does not state the grounds on which it was granted, the party seeking reinstatement must negate all possible grounds for dismissal." *Keough*, 204 S.W.3d at 3. In his motion to reinstate, Henderson argued that "Plaintiff's Attorney overlooked the trial setting." This argument appears to have addressed only one of the possible grounds for the trial court's dismissal order. *See* Tex. R. Civ. P. 165a(1) (providing a case may be dismissed "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice"), 165a(3) (providing the court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained"). Henderson's motion to reinstate did not address the long pendency of the case or Henderson's lack of activity to further prosecution. Henderson's failure to address the other possible grounds for the trial court's order is itself sufficient reason for us to conclude that the trial court did not abuse its discretion in denying the motion to reinstate. *Keough*, 204 S.W.3d at 4.

Even were we to assume that the trial court dismissed the case solely pursuant to Rule 165a(1) due to Henderson's failure to appear at the May 5, 2014 trial, we could not conclude that the court abused its discretion in denying Henderson's motion to reinstate. The standard for reinstatement in Rule 165a(3) "is essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). A party must provide some proof of an adequate justification for the failure that negates intent or conscious indifference. *Id.* Here, Henderson's only justification is

7

a statement in the motion to reinstate that "Plaintiff's Attorney overlooked the trial setting." Henderson provided no evidence elaborating as to *why* counsel overlooked the trial setting or other contextual information, such as counsel's business practices relating to court scheduling or circumstances on the day of trial. *Cf. Rava Square Homeowners Ass'n v. Swan*, No. 14-07-00521-CV, 2008 WL 4390437, *2–3 (Tex. App.—Houston [14th Dist.] Sept. 30, 2008, no pet.) (mem. op.) (noting motions for reinstatement were supported by affidavits that case was not docketed on counsel's trial schedule or that counsel did not have notice). One may overlook a trial date due to an accident or mistake, but one also may overlook a trial date due to conscious indifference. Therefore, the statement that counsel "overlooked the trial setting" is not, by itself, sufficient to provide an adequate justification. *Cf. Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) ("We do not hold that forgetfulness alone is sufficient . . . ."); *but cf. id.* ("Generally, 'some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care.'") (quoting *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam)).

In his brief before this court, Henderson expands on his attempted justification, providing a list of purported facts that supposedly negate a finding of intent of conscious indifference—including, for example, that Henderson's former attorney became ill, that counsel was mistaken as to how the trial court handled its trial docket, and that the failure to appear at trial was a clerical mistake. But Henderson's expanded argument does not demonstrate an abuse of discretion by the trial court. First of all, these arguments were not raised in the motion to reinstate, and therefore are waived on appeal. Tex. R. App. P. 33.1(a)(1); *see also Burnett*, 2014 WL 2601567 at *6; *Templos v. Ford Motor Co.*, No. 01-12-00636-CV, 2013 WL 2948316, *4 (Tex. App.—Houston [1st Dist.] June 11, 2013, no

8

pet.) (mem. op.). Second, even if these arguments had been preserved, there is no evidence in the record to substantiate Henderson's assertion that his failure was not intentional or due to conscious indifference. *See Keough*, 201 S.W.3d at 3–4 & n.1 (stating "[t]he movant for reinstatement bears the burden to produce evidence supporting the motion," and that "[i]n the absence of evidence, a trial court does not abuse its discretion by denying a motion to reinstate," and noting a court need not accept the movant's unsupported conclusory statements); *see also Templos*, 2013 WL 2948316 at *4 n.1 (noting that appellant had not provided record demonstrating that reinstatement was required).

In sum, Henderson's motion to reinstate did not address all possible grounds for the trial court's dismissal order, and with respect to the one ground Henderson did address, his explanation was insufficient. Therefore, the trial court did not abuse its discretion in denying Henderson's motion to reinstate. Accordingly, we overrule appellant's first issue.

### Henderson's Jurisdictional Argument is Misplaced.

In the context of his third issue, Henderson asserts that the trial court's dismissal order is void because the court did not have jurisdiction over Blalock. Henderson incorrectly relies on cases involving a grant of default judgment against a defendant where service has not been perfected. *See, e.g.*, *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) (holding that "default judgment is improper against a defendant who has not been served in strict compliance with law"). The trial court here did not grant judgment against Blalock (the defendant below), it dismissed Henderson's suit for want of prosecution. Even assuming that the trial court never acquired personal jurisdiction over Blalock due to Henderson's failure to perfect service, Henderson does not explain how that deprives the trial court of authority to dismiss the suit for want of prosecution. *Cf. In re Perry*, No. 01-10-01072-CV,

2013 WL 1483389, *3 (Tex. App.—Houston [1st Dist.] Apr. 9, 2013, pet. denied) (mem. op.) (affirming dismissal for want of prosecution where plaintiff never served citation on named defendants). Therefore, we overrule appellant's third issue.[3]

CONCLUSION

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

/s/    Marc W. Brown
Justice

Panel consists of Justices Jamison, Busby, and Brown.

---

[3] Because we conclude the trial court did not abuse its discretion in dismissing Henderson's suit for want of prosecution and denying Henderson's motion to reinstate, it is not necessary to address the remaining arguments in Henderson's brief. *See* Tex. R. App. P. 47.1.