**Opinion filed July 25, 2019**



## In The

# Eletenth Court of Appeals

_____

## No. 11-17-00250-CV

_____

## HERMAN KNIGHTSHADE, Appellant

## V.

## STAR FREIGHT, L.L.C. AND MARLOW RODRIGUEZ, Appellees

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV49624**

## M E M O R A N D U M   O P I N I O N

Herman Knightshade brings this appeal from the trial court's order dismissing his lawsuit for want of prosecution. Appearing pro se on appeal, Appellant contends in a single issue that the trial court abused its discretion by dismissing his lawsuit. We affirm.

*Background Facts*

Appellant's lawsuit arises from a vehicle accident that occurred in Midland on December 28, 2011. Appellant filed suit against Appellees on July 26, 2013. Appellant was represented by counsel at the time suit was filed. Appellees filed answers to Appellant's petition in November and December 2013.

In September 2014, Appellant's attorney filed a "Motion to Set Telephone Status Conference" that was granted by the trial court. An agreed scheduling order was subsequently entered on February 24, 2015. The agreed scheduling order indicated that the case was set for a trial on the merits on October 5, 2015.

On June 24, 2015, Appellant, through counsel, sought a continuance to move the trial from the original date due to unforeseen medical issues with Appellant. The trial court granted the motion for continuance. The new trial date was to be set at a later scheduling conference. However, on December 31, 2015, Appellant's counsel filed a motion to withdraw. The trial court granted the motion to withdraw in May 2016. Appellant has proceeded without counsel since that date.

On June 7, 2017, Appellees filed a motion to dismiss for want of prosecution. Appellees asserted that they had not had formal communication with Appellant in over a year preceding the filing of the motion. At the hearing on the motion to dismiss, Appellant stated that, since his previous counsel's withdrawal, he had attempted to obtain new counsel by contacting approximately twenty to thirty attorneys. However, he failed to find legal counsel willing to represent him. Appellant also stated that he contacted the court administrator of the trial court several times to inquire about a court date. Appellant stated that the court administrator informed him that his case was not on the trial docket but that he would be notified when a trial date was set. Counsel for Appellees stated that he had made several attempts to contact Appellant, including sending requests for discovery through certified mail, but that Appellant refused to receive the letters. Appellant

responded to this contention by stating that he only checked his mail on a sporadic basis.

*Analysis*

In a single issue, Appellant asserts that the trial court abused its discretion by dismissing his lawsuit for want of prosecution. We note at the outset that Appellant makes several additional arguments in his brief that are not amenable to resolution in this appeal. For example, he disputes the accuracy of the reporter's record in several instances. Appellant also asserts that he was not allowed to present arguments at the hearing and that counsel for Appellees was permitted to make arguments that were not supported by evidence. Finally, Appellant asserts several matters that occurred outside of the hearing.

Appellate courts "are confined to the record as it is made by the trial court." *Goode v. Shoukfeh*, 915 S.W.2d 666, 671 n.6 (Tex. App.—Amarillo 1996), *aff'd*, 943 S.W.2d 441 (Tex. 1997) (quoting *Ennis Mercantile Co. v. Wathen*, 57 S.W. 946, 947 (Tex. 1900)). "[O]nly the trial judge has the 'authority' to change the contents of its record." *Id.* (citing *Gerneth v. Galbraith–Foxworth Lumber Co.*, 300 S.W. 17, 20 (Tex. 1927)); *see* TEX. R. APP. P. 34.6(e)(2), (3). An appellate court cannot correct the record by hearing testimony or inquiring into extraneous acts. *Goode*, 915 S.W.2d at 671 n.6 (citing *Ennis Mercantile Co.*, 57 S.W. at 947). Accordingly, we are confined to the reporter's record that has been filed in this appeal.

Additionally, many of the complaints raised on appeal by Appellant against the trial court and opposing counsel were not raised in the trial court. Rule 33.1 of the Texas Rules of Appellate Procedure requires that a party lodge a "timely request, objection, or motion" to present a complaint for appellate review. TEX. R. APP. P. 33.1(a)(1); *Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999). Appellate courts are not authorized to consider issues not properly raised by parties at the trial level. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006).

Complaints cannot be raised for the first time on appeal, as Appellant attempts to do here. *See State Office of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 273 (Tex. 2017).

"We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the plaintiff[ ] exercised reasonable diligence." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). "A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence,' failing which a trial court may dismiss for want of prosecution." *In re Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)). Furthermore, a pro se plaintiff has the same duty as a licensed attorney to prosecute his case with diligence. *Allen v. Rushing*, 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.). A trial court abuses its discretion if it acts arbitrarily or without reference to any guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012).

Trial courts are generally granted considerable discretion in managing their dockets. *In re Conner*, 458 S.W.3d at 534. "The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (explaining both the statutory and common law sources of power). The plaintiff's failure to prosecute a case with reasonable diligence will justify a dismissal either under Rule 165a or the trial court's inherent authority. *In re Conner*, 458 S.W.3d at 534. If the trial court's order does not specify the basis for the dismissal, as is the case in this appeal, we will affirm if any proper ground supports the dismissal. *Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Under Rule 165a(2), a case may be dismissed if it is "not disposed of within time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(2). Under Rule 6.1(a) of the Texas Rules of Judicial Administration, the time standard for a

4

nonfamily law civil case is twelve months from appearance date if it is a nonjury case and eighteen months from appearance date if it is a jury case. TEX. R. JUD. ADMIN. 6.1(a), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2018). There is no dispute that this case was not disposed of within the time limits promulgated by the Texas Supreme Court. By the time Appellees filed their motion to dismiss for want of prosecution, almost four years had passed since the suit was initially filed and Appellees filed their answers. Therefore, the trial court was authorized to dismiss the case for want of prosecution under Rule 165a(2).

Regardless of the validity of dismissal under Rule 165(a)(2), Appellant contends that the trial court abused its discretion for dismissing his case for want of prosecution by failing to carefully review the common law factors associated with dismissal. *See Henderson*, 465 S.W.3d at 321. Those factors include (1) the length of time the case has been on file, (2) the extent of activity in the case, (3) whether a trial setting was requested, and (4) the existence of reasonable excuses for the delay. *Id.* "No single factor is dispositive. The central issue is whether the plaintiff exercised due diligence in prosecuting the case, and we review the entire record to determine whether the trial court abused its discretion." *Id.* at 321–22 (citation omitted).

Appellant asserts that, although the case has been pending for a significant length of time, he attempted to contact the trial court to inquire about a date for trial several times after the withdrawal of his counsel. Appellant asserts that the trial court abused its discretion by dismissing the case for want of prosecution because the trial court could have set the case for trial or Appellees could have requested a trial setting. However, this contention ignores the fact that the plaintiff is the sole party with the duty to prosecute the suit to a conclusion with reasonable diligence. *In re Conner*, 458 S.W.3d at 534.

5

At the time of dismissal, Appellant's suit had remained unresolved for more than four years. During much of this period, Appellant was unresponsive or unreachable to requests by opposing counsel. Appellant never requested a trial setting in a proper filing. On this record, the trial court did not abuse its discretion by dismissing the suit for want of prosecution. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

July 25, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.