# NO. 12-18-00273-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **TED PRICE,**<br>**APPELLANT** | § | **APPEAL FROM THE 241ST** |
| **V.** | § | **JUDICIAL DISTRICT COURT** |
| **EAST TEXAS H.S.I., INC.**<br>**AND JOHN R. POWE,**<br>**APPELLEES** | § | **SMITH COUNTY, TEXAS** |

## *MEMORANDUM OPINION*

Ted Price appeals the dismissal of his suit against East Texas H.S.I., Inc. and John R. Powe for want of prosecution. In his sole issue, Price contends the trial court abused its discretion by dismissing the case. We affirm.

### BACKGROUND

Price, a resident of California, took his airplane to Howard Aviation, Inc. in California for required maintenance in April 2011. Because Howard did not do engine work, Price sent the plane's engines to East Texas H.S.I, owned by Powe, for an engine overhaul. When that was complete, the engines were returned to Howard in California and reinstalled on the plane. In April 2013, a separate maintenance facility determined that Appellees East Texas H.S.I. and Powe performed the work improperly, and Price paid that facility to do the work again.

Price filed suit in Smith County, Texas on December 9, 2013, naming as defendants Howard Aviation, Inc., its sole shareholder Robin A. Howard, East Texas H.S.I., Inc., and John R. Powe. He alleged negligence, gross negligence, breach of contract, violations of the Texas Deceptive Trade Practices Act, and fraud against all four defendants. He further alleged that the Howard defendants are vicariously liable for the acts of Appellees.

On January 13, 2014, the Howard defendants each filed a special appearance asserting that the trial court lacks jurisdiction over them and requesting their dismissal for want of jurisdiction. Their request was granted on March 24, 2016, and the court ordered Howard Aviation, Inc. and Robin A. Howard dismissed with prejudice as to the claims asserted against them. On June 16, 2017, Appellees filed their motion to dismiss asserting that the cause had been pending since December 9, 2013, that Price failed to take meaningful action to secure an adjudication on the merits or otherwise dispose of the case, and that he failed to prosecute the case with due diligence. Price responded, including a motion to retain the case and for a trial setting.

Appellees also filed a motion for a no evidence summary judgment on all claims against them. Price responded to this motion, asserting that there are genuine issues of material fact precluding the motion. A hearing was held on August 23, 2018. The trial court signed a dismissal order on September 12, 2018, dismissing with prejudice Price's claims against Appellees. Price appealed.

### DISMISSAL FOR WANT OF PROSECUTION

Price contends the trial court abused its discretion in dismissing his case because good cause existed for retaining the matter on the court's docket of active cases. He claims that he pursued all discovery, complied with all of Appellees' requests, timely filed a motion to retain and request for trial setting, and was ready to proceed to trial.

### Standard of Review

We review the trial court's dismissal for want of prosecution for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See* *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). If the trial court does not enter findings of fact or conclusions of law, and the trial court's order dismissing a case for want of prosecution does not specify a particular reason for the dismissal, we will affirm if any proper ground supports the dismissal. *Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex. App.–Houston [14th Dist.] 2015, no pet.). The appellate court reviews the entire record to determine whether the trial court abused its discretion. *Id*. at 321-22.

2

**Applicable Law**

The common law vests the trial court with the inherent power to dismiss a case when a plaintiff fails to prosecute his case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Additionally, under Rule 165a of the Texas Rules of Civil Procedure, the trial court may dismiss a suit when (1) a party fails to appear at a hearing or trial, or (2) the case is not disposed of within the time standards promulgated by the supreme court under its administrative rules. TEX. R. CIV. P. 165a(2); *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding). For civil cases in which a jury has been demanded, other than those arising under the family code, the case should be disposed of within eighteen months of the appearance date. *In re Conner*, 458 S.W.3d at 535.

Under both Rule 165a and the trial court's inherent power, a conclusive presumption of abandonment of a plaintiff's suit is raised when there is a delay of unreasonable duration, unless sufficiently explained. *Id.* at 534. The party opposing the dismissal has the burden to produce evidence at the hearing showing good cause for his delay in prosecuting the case. *In re Crawford*, 560 S.W.3d 357, 364 (Tex. App.–Texarkana 2018, orig. proceeding). Whether the plaintiff actually intended to abandon the lawsuit is not the inquiry. *Bevil v. Johnson*, 307 S.W.2d 85, 88 (Tex. 1957).

A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. *Henderson*, 465 S.W.3d at 321. The court may consider the entire history of the litigation, and no single factor is dispositive, including the request for a trial setting. *Rampart Capital Corp. v. Maguire*, 974 S.W.2d 195, 197-98 (Tex. App.–San Antonio 1998), *writ denied*, 1 S.W.3d 106 (Tex. 1999). Absent any reasonable explanation for the delay, the trial court clearly abuses its discretion by disregarding the conclusive presumption of abandonment. *In re Conner*, 458 S.W.3d at 535.

**Analysis**

Because we can affirm the dismissal based on the trial court's proper exercise of its inherent authority to manage its own docket, we analyze only that basis for dismissal. *See Henderson*, 465 S.W.3d at 321. The case had been pending four years and nine months when the trial court signed

3

the order of dismissal. We review the record to determine if Price provided a reasonable explanation for the delay. *In re Conner*, 458 S.W.3d at 535.

Price filed his original petition on December 9, 2013. A month later, Howard Aviation, Inc. and Robin Howard filed their special appearance objecting to the court's jurisdiction over them. The record contains some answers to interrogatories filed in March 2014. The hearing on the special appearance was held September 17, 2014. Price and Appellees filed their designation of witnesses in December 2014. Appellees file a motion to continue the previously scheduled March 2, 2015 trial date based on the need to complete discovery, namely depositions of witnesses. The continuance was granted with no new trial date setting. The year 2015 passed with no apparent activity in the case. The trial court granted the Howard defendants' special appearance and dismissed the claims against them on March 24, 2016.

Appellees' motion to dismiss was filed on June 16, 2017. Price responded to the motion, asserting there is good cause to maintain the case on the docket. Specifically, he argued "[p]laintiff intends to prosecute this matter." He further asked the court to set the case for trial in 2017. Additionally, once in November 2017 and once in December 2017, Price emailed the court coordinator asking for dates in 2018 for a three-day jury trial. The motion to dismiss was set for a hearing on November 16, 2017, and reset for February 15, 2018. Both dates were cancelled by the trial court. The hearing was finally held on August 23, 2018. At the hearing, Price's counsel explained that there was no money to pay for depositions. Although he said his client prefers to settle, he stated they are ready to try the case. The court signed the order of dismissal September 12, 2018.

We note that the case was prosecuted for about the first year. However, diligence over the first year, or sporadic diligence, does not excuse subsequent lack of diligence. *See In re Bordelon*, 578 S.W.3d 197, 201 (Tex. App.−Tyler 2019, orig. proceeding) (mem. op.). Price argues that the trial court stayed the case while the special appearance was pending. Appellees dispute this, and we find no evidence of a stay in the record. Price makes no attempt to point to a trial court order, instead relying on caselaw. However, while caselaw indicates that the Howard defendants were not expected to be involved in merits litigation, lest they waive their jurisdictional challenge, Price's cases do not extend the same privilege to the defendants who are not challenging the court's jurisdiction. *See In re Doe*, 444 S.W.3d 603, 608-09 (Tex. 2014) (held that, under Rule 120a, as to defendant who files special appearance, discovery is limited to matters directly related to the

special appearance). As the record shows, the pending special appearance filed by the Howard defendants did not preclude Price and Appellees from exchanging discovery requests, however meager. The pending special appearance did not in and of itself provide an excuse or explanation for Price's failure to move the case along. Further, because Price and Appellees participated in discovery during part of the time period when the special appearance was pending, it seems inaccurate to ignore that time period in determining the case's lifespan. The record includes no explanation for the eighteen-month delay between the hearing on the special appearance and the order dismissing the Howard defendants. There appears to have been no activity in the case during that time. Moreover, the record includes no indication that Price made any attempt to encourage the trial court to rule sooner, either by letter, motion, or mandamus.

Even assuming Price is not accountable for the delay from January 2014 to March 24, 2016, the time the special appearance was pending, that is just a portion of the case's lifetime. Price provided no explanation as to why he did not set the case for trial immediately after the March 24, 2016 order or at any time up until June 16, 2017. *Cf. Gantt v. Getz*, No. 14-10-00003-CV, 2011 WL 1849085 at *7, (Tex. App.−Houston [14th Dist.] May 12, 2011, no pet.) (mem. op.) (held that plaintiff cannot rely on the trial court's failure to *sua sponte* lift abatement to excuse her failure to update the trial court on the resolution of divorce and bankruptcy litigation and prosecute the case); *Southwell Inv. Group, III v. Indwell Res., Inc.*, No. 14-08-00695-CV, 2010 WL 1379987, at *2 (Tex. App.−Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.) (plaintiff failed to explain how absence of scheduling order shows it exercised diligence or why it did not request the trial court to enter a docket control order); *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, No. 14-93-00323-CV, 1994 WL 276875, at *4-5 (Tex. App.−Houston [14th Dist.] June 23, 1994, writ denied) (not designated for publication) (rejecting plaintiff's contention that her delay in prosecution was reasonable because she was waiting for trial court to set her case for trial).

Price urges us to reverse the dismissal order, arguing that he asked for a trial setting in his response to the motion to dismiss. This request carries little weight. *See Maguire*, 974 S.W.2d at 197-98. A belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.−Houston [14th Dist.] 1999, no pet.). A trial court does not abuse its discretion merely because the plaintiff tries to cure its lack of diligence after the defendant moves to dismiss. *See Bjorkstam v. Woodward, Inc.*, No. 14-14-00927-CV, 2016 WL 1072298, at *3 (Tex. App.−Houston [14th Dist.] March 17,

5

2016, no pet.) (mem. op.). Similarly, it is insignificant that Price claimed he had no intention to abandon the case. *See Bevil*, 307 S.W.2d at 88.

Price failed to explain his complete inaction during the almost fifteen-month time period between the order on the special appearance and Appellees' motion to dismiss. This is a sufficient amount of time to trigger the presumption of abandonment. *See Gantt*, 2011 WL 1849085, at *7 (no abuse of discretion to dismiss for want of prosecution where case is inactive more than twelve months after final judgment in parallel bankruptcy litigation); *Maughan v. Emps. Ret. Sys.*, No. 03-07-00604-CV, 2008 WL 2938867, at *5 (Tex. App.–Austin Aug. 1, 2008, no pet.) (mem. op.) (dismissal upheld in case inactive thirteen to fourteen months, with exception of defendant's answer); *Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex. App.–El Paso 2005, pet. denied) (upheld dismissal of suit on file seven months with no activity, with exception of two amendments to petition); *City of Houston v. Thomas*, 838 S.W.2d 296, 298 (Tex. App.–Houston [14th Dist.] 1992, no writ) (upheld dismissal of suit after almost twelve months of inactivity, with exception of motion to retain).

Price does not provide an explanation for the delay. Instead, he claims he was diligent, participating in discovery and attempting to have the case set for trial, and that he was ready for trial. We conclude Price has not shown good cause for the delay. Considering the entire record and the long period of inactivity after the ruling on the special appearance without a showing of good cause for the delay, we cannot say that the trial court abused its discretion in dismissing the suit under its inherent authority. *See In re Conner*, 458 S.W.3d at 534. We overrule Price's sole issue.

## DISPOSITION

Because the trial court did not abuse its discretion by granting Appellees' motion to dismiss for want of prosecution, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered September 11, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 11, 2019**

**NO. 12-18-00273-CV**

**TED PRICE,**
Appellant
V.
**EAST TEXAS H.S.I., INC. AND JOHN R. POWE,**
Appellees

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 13-3242-C)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **TED PRICE**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*