**Affirmed and Memorandum Opinion filed February 3, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00713-CV

## HENRY TOWNSEND AND GOLDIE SMITH, Appellants

## V.

## ATLAS 13 NORTHWEST MEDICAL, LP, Appellee

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2016-35237**

## MEMORANDUM OPINION

Appellants Henry Townsend and Goldie Smith[1] bring this appeal from the

---

[1] While this litigation was proceeding in the trial court, a suggestion of death was filed consistent with Texas Rule of Civil Procedure 151 stating Goldie Smith died on August 14, 2017. Although that filing requested that Janice Townsend, Ms. Smith's heir, be substituted as plaintiff for Ms. Smith pursuant to Rule 151, there is no indication the trial court ordered such a substitution, and multiple subsequent filings by appellants' counsel purport to be filed at least partly on Ms. Smith's behalf. But as this ambiguity has no impact on the result of this appeal, and appellants' counsel has referenced filing his appellate brief at least partly on Ms. Smith's behalf, this opinion will refer to Ms. Smith as one of the two appellants in this appeal for simplicity.

trial court's July 8, 2020 judgment, in which the trial court dismissed their case for want of prosecution after one of them was granted a partial default judgment on the issue of liability. They assert two issues that the trial court erred by dismissing their case rather than letting them litigate it to completion. We conclude neither of appellants' issues warrants relief, and we affirm the trial court in full.

## BACKGROUND

According to appellants' pleadings, on or around May 29, 2014, Mr. Townsend accompanied Ms. Smith to a facility operated by appellee. Ms. Smith was using a wheelchair at the time. At the facility, the wheelchair's front wheel rolled over a damaged piece of flooring, which caused the wheelchair to flip over and both appellants to be injured. Appellants then sued appellee on May 25, 2016 for negligence and requested a variety of damages as compensation.

Although appellee never appeared in the litigation, the case was scattered with stops and starts. Prior to the final judgment, the trial court dismissed the case for failure to prosecute on multiple occasions, resolved multiple motions to retain or reinstate the case on its docket, and repeatedly warned and admonished appellants they needed to file and have heard or submitted a meritorious motion for default judgment to avoid dismissal. In the midst of all this, however, on October 12, 2018, the trial court signed an order "as to liability only" granting a motion requesting default judgment to Henry Townsend against appellee, while also noting Mr. Townsend had to schedule a hearing on damages.[2]

But appellants did not complete their process of fully obtaining a default judgment against appellee as to either Mr. Townsend or Ms. Smith; in fact, prior to the final judgment, they had their case dismissed an additional time for want of

_____

[2] The motion was filed solely on Mr. Townsend's behalf, and the corresponding order reflected that a partial default judgment was being solely being entered in Mr. Townsend's favor.

2

prosecution on November 21, 2019, before it was reinstated on January 9, 2020 pursuant to their written motion. On April 9, 2020, the trial court issued what would be its final notice of intent to dismiss (the "April Notice"). The April Notice directed that unless appellee filed an answer, appellants had to take either of two sets of actions to avoid having their case dismissed for want of prosecution: (1) they needed to "file and have heard, by oral hearing or written submission, a meritorious motion for default judgment" by June 22, 2020; or (2) they had to "file a verified motion to retain showing good cause to retain the case or diligence in prosecution to avoid dismissal, and appear at [an] oral hearing" set for the morning of June 25, 2020.

Between April 9th and June 25th, appellants did not file anything. However, appellants have represented that their counsel contacted the court to obtain an August date for a default judgment hearing, though their counsel never filed a notice of hearing in association with that call.[3] On July 8, 2020, the trial court entered its final judgment dismissing the case for want of prosecution. Appellants filed a verified motion to reinstate the case on the trial court's docket on August 7, 2020, which the trial court denied on September 1, 2020. This appeal followed.

## ANALYSIS

We review challenges to a trial court's dismissal for want of prosecution as well as subsequent denials of motions to reinstate for abuse of discretion. *Henderson v. Blalock*, 465 S.W.3d 318, 321–22 (Tex. App.—Houston [14th Dist.]

---

[3] Appellants' filings have provided different descriptions of the nature of this hearing and the contemplated date. In a motion to reinstate filed with the trial court, appellants indicated their counsel obtained an August 13th date specifically to hold a default judgment hearing regarding Ms. Smith's claims, while asserting that Mr. Townsend had already done everything needed to obtain a default judgment for his claims. Appellants' brief with this court, however, represents a default judgment hearing was "reset orally over the phone" to August 24th, though the brief is ambiguous regarding whether this hearing was contemplated to address both appellants' claims.

2015, no pet.). This standard authorizes reversal of such decisions only if the trial court has acted arbitrarily or without reference to guiding rules and principles. *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Appellants raise two issues disputing the trial court's actions, each of which disputes the dismissal and non-reinstatement of one party's claims. The first issue, contesting the disposal of Mr. Townsend's claims, asserts dismissal was improper because the April Notice was actually complied with. Appellants argue that because Mr. Townsend had previously obtained a default judgment, he had actually fulfilled the terms of the April Notice to avoid dismissal, meaning he did not have to attend any hearing associated with the April Notice and his case should not have been dismissed. Appellants are incorrect. Although the record reflects that Mr. Townsend was awarded an interlocutory default judgment against appellee back on October 12, 2018, that award was expressly limited to "liability only," and that Mr. Townsend had to schedule a hearing regarding liability. *See Holt Atherton Indus. Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) ("A court rendering a default judgment must hear evidence of unliquidated damages.").

The record reflects Mr. Townsend obtained a hearing on damages almost one year later, on October 3, 2019, at which he presented at least some evidence of his damages. However, although the trial court requested a proposed order at the conclusion of the hearing, and appellants' counsel said he would provide one and needed to provide one to break out his damages amounts, Mr. Townsend never provided such an order for the court's approval. This was a critical but unfulfilled step in obtaining the judgment he desired, which was left undone despite having his case dismissed for failure to prosecute (though subsequently reinstated) one more time before the trial court entered its April Notice. *See Brown v. Vann*, 167

4

S.W.3d 627, 629, 633 (Tex. App.—Dallas 2005, no pet.) (upholding a trial court's dismissal for want of prosecution after a party failed to submit a proposed judgment as the trial court directed); *see also Smith v. Smith*, 541 S.W.3d 251, 257 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (upholding the denial of a motion due to a lack of diligence when the party waited nearly a year to have it heard and only filed a proposed order six months later).

Although appellants contend Mr. Townsend complied with the April Notice, the record is clear he did not complete the process for obtaining a default judgment despite the trial court's instructions. As Mr. Townsend has failed to point to any circumstances that prevented him from completing the process, we reject appellants' first issue. *See Henderson*, 465 S.W.3d at 322 (upholding a trial court's dismissal for want of prosecution partly because a party's "only activity" after a notice of intent to dismiss was issued was "the substitution of counsel and some effort to perfect service of process").

Appellants' second and final issue focuses on Ms. Smith's claims, asserting they should not have been dismissed in light of the Texas Supreme Court's Tenth and Seventeenth Emergency Orders associated with the COVID-19 pandemic as those orders ostensibly prevented Ms. Smith from obtaining a default judgment. But those orders contain no such limitations at all. The Tenth Emergency Order is limited to "any action to collect consumer debt as defined by [the] Texas Finance Code," which indisputably does not encompass Ms. Smith's claims. *See generally* 597 S.W.3d 846 (Tex. Apr. 9, 2020) As for the Seventeenth Emergency Order, although the order contains a wider scope, the only provision which could potentially restrict a default judgment here notes that "all courts in Texas may in any case . . . —and must to avoid risk to court staff, parties, attorneys, jurors, and the public— . . . [subject to exceptions not relevant here], modify or suspend any

5

and all deadlines and procedures . . . for a stated period ending no later than September 30, 2020." *See* 609 S.W.3d 119, 120 (Tex. May 26, 2020). But appellants have not provided any indication how there was any risk to anyone encompassed by the Seventeenth Emergency Order that required the trial court to suspend Ms. Smith's ability to obtain a default judgment. All that remains is the Seventeenth Emergency Order's statement that trial courts "may" suspend deadlines, and as the record does not demonstrate the trial court actually did so, we can find no abuse of discretion in the trial court's apparent decision not to suspend deadlines regarding default judgments. *See In re Conner*, 458 S.W.3d 533, 534 (Tex. 2015) (per curiam) (acknowledging that "[t]rial courts are generally granted considerable discretion when it comes to managing their dockets."). Accordingly, we reject appellants' second and final issue.

## CONCLUSION

We affirm the trial court's dismissal of appellants' suit for failure to prosecute.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.