

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00212-CV

———————————————

GLENDA BROWN AND WILLIAM JONES, Appellants

V.

RUTH SANDERS, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 17-3609-158

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

The trial court dismissed appellants Glenda Brown's and William Jones's claims against appellee Ruth Sanders for want of prosecution. In a single issue, Brown and Jones (collectively, Appellants) complain that the trial court abused its discretion by denying their motion to reinstate. We will affirm.

## I. Background

In October 2016, Appellants sued Sanders in Dallas County for injuries that they allegedly sustained in an October 2014 motor-vehicle collision with her.[1] A Dallas County District Court granted Sanders's motion to transfer venue in April 2017, and the case was transferred to Denton County.

Nearly four years later, in February 2021, the trial court sent the parties a "Notice of Dismissal Setting" notifying them that the trial court had set the case on its "docket for dismissal on April 23, 2021, at 3:00 PM," pursuant to the Texas Supreme Court's time standards for disposition of cases and the Denton County rules for district courts. The notice warned that there would be no continuances of the dismissal setting and that the trial court would dismiss the case at that time unless:

> 1) Any party seeking affirmative relief has effectuated **service of process** upon the opposing party(s).
>
> **AND**

---

[1]Appellants requested a jury trial. *See* Tex. R. Civ. P. 216.

2) The attorneys and/or pro se parties **present an agreed "*Scheduling Order and Discovery Control Plan*"** for entry by the Court, *and*:

   a. they *must* contact the Court Administrator no later than 10 days prior to the dismissal setting to request a trial date and a pre-trial date (if applicable);

   b. the Order *must* contain completed deadlines and discovery limitations as indicated;

   c. the Order *must* include the client's signature if represented by counsel; and

   d. the Order *must* be submitted no later than 7 days prior to the dismissal setting.

### OR

3) The attorneys and/or pro se parties **appear** at the dismissal setting and **present a proposed "*Scheduling Order and Discovery Control Plan*"** compliant with 2a.-c. above. At that time, the Court will hear any objections of any other attorney and/or pro se party to the proposed Order.

No scheduling order and discovery control plan was prepared and filed, and none of the parties or their attorneys appeared at the April 23, 2021 dismissal setting. The trial court thus signed an order dismissing the case for want of prosecution. The lack of appearances was noted in the order's recitals, but the order's decretal language did not state the specific ground upon which the dismissal was based. The parties did not request findings of fact and conclusions of law, and the trial court did not file any. *See* Tex. R. Civ. P. 296, 297.

Appellants timely filed a verified motion to reinstate, *see* Tex. R. Civ. P. 165a(3), asserting that

3

> Plaintiffs' failure to announce was not intentional or the result of conscious indifference. The failure to announce was the result of mistake or accident, and Plaintiffs have been diligent in prosecuting this case. Due to an oversight[,] the DWOP date was not on the master calendar. Plaintiffs state that there is good cause to maintain this case on the docket[,] and there is no injury to the Defendant.

Appellants' attorney attached no evidence to corroborate these statements, and he provided no details to further explain why he had failed to appear or failed to present a proposed scheduling order and discovery-control plan. More than 30 days after the trial court's dismissal order was signed, Appellants filed a verified supplemental reinstatement motion that outlined the case's procedural history, cited to attached email correspondence between the parties' attorneys and the trial court regarding jury-trial settings, and reiterated that Appellants' failure to appear was the result of mistake or accident because "it was an oversight that the DWOP date was not placed on the office master calendar."

On June 14, 2021, the trial court considered Appellants' motion to reinstate without a hearing[2] and denied the motion. The trial court stated in its order that it had "considered the Motion [to Reinstate], the [p]rocedural [h]istory, the evidence, and arguments of counsel" in denying the motion. But the trial court did not state the

---

[2]A trial court is required to hold an oral hearing on a verified motion to reinstate. *See* Tex. R. Civ. P. 165a(3); *Mortell v. Pruett*, No. 02-19-00123-CV, 2019 WL 5608236, at *1 n.1 (Tex. App.—Fort Worth Oct. 31, 2019, no pet.) (mem. op.); *Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.) ("It is not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate [under Rule 165a]."). But Appellants do not complain about the trial court's failing to hold a hearing.

basis for its denial or file any findings of fact or conclusions of law. *See* Tex. R. Civ. P. 296, 297. This appeal followed.

## II. Standard of Review

We review a trial court's refusal to reinstate a case dismissed for want of prosecution for an abuse of discretion. *Pollefeyt v. Tex. Health Res.*, No. 02-19-00260-CV, 2020 WL 1888870, *4 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.) (citing *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.)). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

## III. Trial Court's Authority to Dismiss for Want of Prosecution

A trial court derives its authority to dismiss a suit for want of prosecution from two independent sources: (1) Texas Rule of Civil Procedure 165a and (2) a trial court's inherent power to maintain and control its own docket. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sellers*, 199 S.W.3d at 390. Under Rule 165a, a trial court may dismiss a case on either the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when the case is "not disposed of within time standards

5

promulgated by the Supreme Court." Tex. R. Civ. P. 165a(1), (2). The common law vests a trial court with the inherent power to dismiss independently of the procedural rules when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630; *Sellers*, 199 S.W.3d at 390–91. Each of these three dismissal grounds provides an independent basis on which a trial court may dismiss a case for want of prosecution. *Cummings v. Billman*, 634 S.W.3d 163, 168 (Tex. App.—Fort Worth 2021, no pet.) (mem. op.).

## IV. The Trial Court's Dismissal Notice and Order

When reviewing a trial court's refusal to reinstate a case dismissed for want of prosecution, we look first to the trial court's basis for dismissal.[3] *Sellers*, 199 S.W.3d at 390; *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.). To determine the possible dismissal grounds, we must look to the trial court's dismissal notice. Here, the notice stated that the dismissal setting was "BEING MADE PURSUANT TO TIME STANDARDS FOR DISPOSITION OF CASES BY THE TEXAS SUPREME COURT AND THE DENTON COUNTY COURT RULES FOR DISTRICT COURTS." *See* Tex. R. Civ. P. 165a(2). The notice warned that unless the parties (1) prepared an agreed scheduling order and discovery control plan and filed it with the trial court or (2) appeared at the dismissal setting and

---

[3]Appellants do not challenge the trial court's dismissal for want of prosecution; they challenge only the trial court's failure to reinstate the case.

presented a proposed scheduling order and discovery control plan, the trial court would dismiss the case. *See* Tex. R. Civ. P. 165a(1).

This notice sufficed to notify the parties that the trial court intended to dismiss the case on all three independent grounds. The trial court's setting the case on the dismissal docket pursuant to the Texas Supreme Court's and Denton County's case-disposition time standards[4] notified the parties that the case was subject to dismissal under Rule 165a(2) and under the trial court's inherent authority. *See* Tex. R. Civ. P. 165a(2); *Cummings*, 634 S.W.3d at 169 ("Here, the trial court set the case on its dismissal docket because Appellants' case had not been disposed of within the time standards set out in Rule 6.1(a)(1) of the Rules of Judicial Administration and was thus subject to dismissal under Rule 165a(2)."); *McKee*, 145 S.W.3d at 303–05 (concluding that notice setting case for dismissal "on the court's motion in response to time standards for disposition of cases by the Denton County Court Rules for

---

[4]The Rules of Judicial Administration—which are promulgated by the Texas Supreme Court—provide that nonfamily-law civil-jury cases should be brought to trial or final disposition within 18 months from the appearance date. *See* Tex. R. Jud. Admin. 6.1(a)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app.

Denton County's local rules—Uniform Rules of Court for the District and Statutory County Courts of Denton County, Texas—provide that a case may be dismissed for want of prosecution for several reasons: (1) the plaintiff's failure "to request a setting or take other appropriate action after the case has been pending for more than 60 days"; (2) plaintiff's counsel's failure "to appear for pretrial, docket call, other preliminary hearing, or trial"; (3) Plaintiff's counsel's failure "to make an announcement of 'ready' when a case is called for trial or hearing of any preliminary matters"; and (4) "[f]or any other reasons provided for by these Rules, the Texas Rules of Civil Procedure, or the general law." Denton (Tex.) Dist. & Cnty. Ct. Loc. R. 2.7.1.

District Courts" provided notice of the trial court's intent to dismiss the case under its inherent authority). The notice also sufficed to notify the parties that the case would be dismissed if they did not appear at the April 23, 2021 dismissal setting. *See Cummings*, 634 S.W.3d at 169–70 (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 847, 852 (Tex. 2004)).

Turning to the order itself, as noted, the trial court did not specify upon which ground it relied in dismissing Appellants' case. *See id.* at 166 ("Appellants' failure to appear at the dismissal hearing was noted in the recitals of the order, but the decretal language of the order did not state a specific ground upon which the dismissal was based."); *Self v. King*, No. 05-11-01296-CV, 2013 WL 3353327, at *3 (Tex. App.—Dallas June 28, 2013, pet. denied) (mem. op.) ("In this case, although the trial judge included a factual recital in the dismissal order that [plaintiff] did not appear at the dismissal hearing, the order is silent as to the ground or grounds for the dismissal."). Because the dismissal order did not specify the grounds for dismissal, Appellants were required to address and negate all three possible independent dismissal grounds in their reinstatement motion and on appeal. *See, e.g.*, *Henderson v. Blalock*, 465 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Self*, 2013 WL 3353327, at *3; *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3–5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g); *see also Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 424 (Tex. App.—Dallas 2009, no pet.) ("If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that

8

independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment."); *cf. Sellers*, 199 S.W.3d at 391 ("Because the record in this case does not contain formal findings of fact or conclusions of law and the dismissal order does not specify the reason for dismissal other than to generally dismiss for 'want of prosecution,' we must affirm the trial court's judgment on any theory supported by the record.").

## V. Analysis

In their sole issue, Appellants argue that the trial court abused its discretion by denying their verified motion to reinstate because "the error that led to the dismissal was due to unintentional mistake or oversight and not conscious indifference." They assert that the trial court was required to grant their motion to reinstate because they reasonably explained why their counsel did not appear at the dismissal hearing: "the date had not been entered into counsel's master [c]alendar." *See* Tex. R. Civ. P. 165a(3) ("The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.").

We have said that Rule 165a(3)'s conscious-indifference standard applies only to cases dismissed for failure to appear. *See Maida*, 990 S.W.2d at 840–41. Here, the

9

trial court's order did not state the grounds upon which it denied the reinstatement motion. Appellants do not argue that the trial court abused its discretion by denying their reinstatement motion to the extent that the motion challenged the trial court's dismissal under the other two possible dismissal grounds: under Rule 165(a)(2) because the case was not disposed of within the supreme court's time standards, or under the trial court's inherent power.[5] Because Appellants have failed to challenge all independent grounds fully supporting the trial court's ruling denying their reinstatement motion, they have not shown reversible error. *See Self*, 2013 WL 3353327, at *3; *Oliphant Fin. LLC*, 295 S.W.3d at 424.

But even assuming that the trial court dismissed the case solely under Rule 165a(1) due to Appellants' failure to appear at the dismissal hearing, we cannot conclude that the trial court abused its discretion by refusing to reinstate the case. A trial court must grant a properly filed reinstatement motion if it finds "after a hearing[,] that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Pollefeyt*, 2020 WL 1888870, at *5 (quoting Tex. R. Civ. P. 165a(3)). The standard for reinstatement in Rule 165a(3) "is

---

[5]Appellants' supplemental motion was filed more than 30 days after the trial court dismissed the case but before the trial court ruled on appellants' reinstatement motion. *See* Tex. R. Civ. P. 165a(3) (requiring a motion to reinstate to be filed within 30 days after the dismissal order is signed). We assume without deciding that this supplemental motion was properly before the trial court and that the trial court considered its contents in denying reinstatement.

essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). As we have recently explained,

> Under this standard, conscious indifference must be more than mere negligence; even a deliberate failure to appear is not intentional or due to conscious indifference unless it is without adequate justification. Proof of accident, mistake, or "other reasonable explanation" negates intent or conscious indifference under Rule 165a. Some excuse—not necessarily a good one—will suffice.

*Pollefeyt*, 2020 WL 1888870, at *5 (citations omitted). The party seeking reinstatement bears the burden of proof to establish grounds for reinstatement. *Keough*, 204 S.W.3d at 3–4.

Here, Appellants' counsel's only justification for failing to appear was, "Due to an oversight[,] the DWOP date was not on the master calendar."[6] This conclusory statement was unsupported by further explanation or evidence elaborating why the DWOP date was not on the calendar or any other information, such as counsel's practices relating to calendaring or scheduling. Unsupported, conclusory justifications are insufficient to negate intent or conscious indifference under Rule 165a. *See Henderson*, 465 S.W.3d at 323; *cf. Nichols v. TMJ Co.*, 742 S.W.2d 828, 831 (Tex. App.—Dallas 1987, no writ). Appellants' counsel's statement, without more, is insufficient to

---

[6]Appellants' supplemental reinstatement motion reiterated that "counsel did not have the DWOP date on the master calendar. It was an oversight, an error, a mistake but clearly unintentional as affirmed by this officer of the Court."

provide an adequate justification.[7] *See Henderson*, 465 S.W.3d at 323 (holding that justification that attorney "overlooked the trial setting" without any contextual information or evidentiary explanation was insufficient to negate intent or conscious indifference under Rule 165a). The trial court thus did not abuse its discretion by denying Appellants' motion to reinstate. *See id.*

Accordingly, we overrule Appellants' only issue.

## VI. Conclusion

Having overruled Appellants' sole issue, we affirm the trial court's judgment.

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Delivered: June 9, 2022

---

[7]Quoting our *Pollefeyt* opinion, Appellants point out that "[s]ome excuse—not necessarily a good one—will suffice," 2020 WL 1888870, at *5, and cite two cases from our sister courts—*Wolf Creek Estates Homeowners' Ass'n v. Jones*, No. 05-17-00051-CV, 2018 WL 1417407 (Tex. App.—Dallas Mar. 22, 2018, no pet.) (mem. op.), and *Dalmex, Ltd. v. Apparel Enterprises, Inc.*, 455 S.W.3d 241 (Tex. App.—El Paso 2015, no pet.)—in support of their contention that they negated intent or conscious indifference. In those cases, however, the appellants offered more than a mere conclusory statement to make the requisite showing under Rule 165a(3).