

**NUMBER 13-10-00558-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JAMES J. ZARYCHTA JR.,**                                                                    **Appellant,**

**v.**

**MONTGOMERY COUNTY DISTRICT ATTORNEY,**                         **Appellee.**

---

**On appeal from the 359th District Court
of Montgomery County, Texas.**

---

# OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez**

Appellant James J. Zarychta Jr., pro se, challenges the trial court's dismissal for want of prosecution of his open records claim against appellee The Montgomery County District Attorney. By two issues, Zarychta argues that the trial court erred in (1) dismissing his case for want of prosecution without conducting a hearing, and (2) denying

his motion to reinstate and/or failing to conduct a hearing on his motion to reinstate. We reverse and remand.

## I. BACKGROUND[1]

On November 16, 2009, Zarychta filed suit against the district attorney seeking to compel the release of certain documents related to Zarychta's criminal prosecution and conviction.[2] When he filed his suit, Zarychta did not request service of process on the district attorney, and it is undisputed that citation was never served.

On May 20, 2010, the trial court notified Zarychta that his suit had been placed on the dismissal docket and would "be dismissed for want of prosecution on July 22, 2010," unless Zarychta filed a motion to retain "reflecting good cause as to why the case should not be dismissed." Zarychta filed his motion to retain on June 23, 2010, in which he stated, "Plaintiff has been very diligent in his quest to obtain the information/documents. Therefore, this Honorable Court must allow this Suit to proceed. Plaintiff will show how the requested information/documents must be disclosed under the Public Information Act." Zarychta's motion to retain did not address the service of process issue; it only reiterated the requests made in Zarychta's original petition. Zarychta also filed a motion for bench warrant or, alternatively, hearing by teleconference, in which he requested to be either personally present or present by telephone at the dismissal hearing.

On July 26, 2010, the trial court issued an order dismissing Zarychta's suit for want of prosecution, finding that Zarychta "has failed to prosecute this matter diligently and has

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Zarychta was convicted of capital murder in the early 1990s and is currently serving a life sentence in the Institutional Division of the Texas Department of Criminal Justice.

failed to show good cause for such failure." In the order of dismissal, the trial court also found that Zarychta's presence at the dismissal hearing was not necessary and denied his motion for bench warrant or teleconference.

Zarychta then filed a verified motion to reinstate under Texas Rule of Civil Procedure 165a. *See* TEX. R. CIV. P. 165a. In that motion, Zarychta alleged that, shortly after he filed suit, the district clerk sent him a letter stating that it did not accept the type of suit filed by Zarychta, informing Zarychta that he needed to forward his suit to the court of criminal appeals, and returning Zarychta's petition to him. Zarychta asserted that he "never received notice from the District Clerk that this matter was filed and . . . actually received notice from the District Clerk informing him that the matter would not be filed." In light of this, Zarychta argued that "any reasonable litigant would have understood that there was nothing to be 'diligently' pursued." On September 16, 2010, the trial court denied Zarychta's motion to reinstate. This appeal followed.

## II. DISMISSAL WITHOUT HEARING

By his first issue, Zarychta argues that "in order to comply with the trial court's notice, it was necessary" for him to appear at the dismissal hearing.[3] Based on this, Zarychta argues that the trial court erred in dismissing his case without allowing Zarychta to appear in person or "by some other effective means (teleconference)."

In this case, the trial court determined that Zarychta's presence at the hearing was not necessary, and based on the record before the court at that point, we conclude that

---

[3] We presume that Zarychta refers to the following language in the May 20, 2010 drop-docket notice: "IF YOU DO NOT APPEAR AT THE SCHEDULED HEARING OF THE MOTION TO RETAIN, THE COURT WILL DISMISS THIS CASE FOR WANT OF PROSECUTION ON JULY 22, 2010." (Emphasis in original.)

was a reasonable determination. Although litigants cannot be denied access to the courts simply because they are inmates, inmates do not have an absolute right to appear in court in person in every court proceeding. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Rather, the inmate's right of access to the courts must be weighed against the protection of the correctional system's integrity. *Id.* In making this determination, the trial court should consider a number of factors, including the following most relevant to this case: whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; and whether the prisoner's presence is important in judging his demeanor and credibility. *Id.* at 165-66. The burden is on the inmate to establish his right to relief, and if the inmate fails to present sufficient information to the trial court for the trial court to evaluate whether the inmate's participation in a hearing is warranted, the trial court has no independent duty to evaluate the factors and does not abuse its discretion by denying the request. *Id.* at 166.

In his motion for bench warrant or, alternatively, hearing by teleconference, the only reason given by Zarychta for why the motion should be granted was that he "is currently incarcerated" and therefore "unable to attend the July 22, 2010 scheduled hearing." Thus, we conclude that Zarychta's motion did not include sufficient information establishing his right to relief, and on this basis alone, the trial court did not abuse its discretion in denying Zarychta's request to participate. *See id.*

But here, Zarychta was also given an alternative means, through the motion to retain, to present his good-cause reasons against dismissal, and in the motion he filed

4

with the trial court, he failed to address the arguably most pressing issue constituting his lack of diligence—his failure to effectuate service of process on the defendant. It was plain from the record before the trial court at that stage that, in the nearly six months that the suit had been on file, Zarychta had made no efforts to effectuate service of process on the district attorney. Zarychta's motion to retain made no mention of this procedural defect, instead only making arguments related to the merits of his suit. Based on the fundamental lack of understanding demonstrated by Zarychta at this point, the trial court acted reasonably in concluding that Zarychta's participation in the hearing would provide nothing further of consequence that was not already clear from the record before it. We conclude that the trial court's dismissal was not erroneous on this basis. Zarychta's first issue is overruled.

### III. DENIAL OF MOTION TO REINSTATE

By his second issue, Zarychta argues that the trial court abused its discretion in denying his motion to reinstate because his lack of diligence was not intentional or the result of conscious indifference but was due to accident, mistake, or has otherwise been reasonably explained. We agree.

"We review an order denying a motion to reinstate under an abuse of discretion standard." *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.) (citing *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam)). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Id.*

5

There are three bases on which a trial court may dismiss a case for want of prosecution: (1) failure to appear; (2) non-compliance with supreme court time standards; and (3) failure to prosecute with due diligence, which basis is derived from the trial court's common law inherent authority to manage its docket. *See* TEX. R. CIV. P. 165a(1)-(2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Here, the trial court did not dismiss Zarychta's case based on his failure to appear; the case was dismissed because Zarychta failed to prosecute it diligently. Rule 165a(3) commands that, after a case is dismissed for want of prosecution, the trial court "shall reinstate the case upon a finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3). The courts of appeal are split regarding whether this conscious indifference standard applies only to the two bases for dismissal enumerated by rule 165(a)—i.e., failure to appear and non-compliance with supreme court time standards—or to dismissals under the inherent common law authority of the trial court, as well.[4] In *Sanchez v. Garcia*, this Court sided with the latter, noting that the standard for

___

[4] *Compare Guest v. Dixon*, 223 S.W.3d 531, 534-35 (Tex. App.—Amarillo Sept. 5, 2006, no pet.) (holding that conscious indifference test does not apply to dismissals under the inherent power of the trial court), *Binner v. Limestone County*, 129 S.W.3d 710, 712 (Tex. App.—Waco 2004, pet. denied) (holding that rule 165a(3)'s conscious indifference standard applies only to those dismissals under rule 165a), *Bynog v. Prater*, 60 S.W.3d 310, 314 (Tex. App.—Eastland 2001, pet. denied) (same), *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 840 (Tex. App.—Fort Worth 1999, no pet.) (same), *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex. App.—Austin 1998, no pet.) (same), *Eustice v. Grandy's*, 827 S.W.2d 12, 14 (Tex. App.—Dallas 1992, no writ) (same), *and Hunt v. El Paso County Dist. Clerk*, No. 08-00-00444-CV, 2002 WL 997772, at *3 (Tex. App.—El Paso May 16, 2002, pet. denied) (not designated for publication) (same), *with Cappetta v. Hermes*, 222 S.W.3d 160, 166-67 (Tex. App.—San Antonio 2006, no pet.) (holding that rule 165a(3)'s conscious indifference standard should apply to all dismissals for want of prosecution, including "inherent power-based dismissals"), *and Maldonado v. Conroe Creosoting Co.*, No. 09-96-00401-CV, 1997 WL 536704, at *2 (Tex. App.—Beaumont Aug. 28 1997, no writ) (not designated for publication) (applying rule 165a(3) standard to an inherent-power dismissal).

reinstatement "should be the same regardless of whether a case is dismissed pursuant to rule 165a or the court's inherent power." No. 13-05-557-CV, 2006 WL 2076752, at *2 n.6 (Tex. App.—Corpus Christi July 27, 2006, pet. denied) (mem. op.) (citing *Rampart Capital Corp. v. Maguire*, 1 S.W.3d 106, 107 (Tex. 1999) (Hecht, J., dissenting)). Thus, when a case is dismissed for want of prosecution based on the trial court's inherent power to do so for lack of due diligence, as is the case here, the plaintiff "must prove that the failure or omission that led to dismissal was the product of an accident or mistake or must otherwise reasonably explain that its actions were not intentional or consciously indifferent." *See id.*; *see also Cappetta*, 222 S.W.3d at 166-67 (holding that rule 165a(3)'s standard applied to inherent power-based dismissals); *Maldonado v. Conroe Creosoting Co.*, No. 09-96-00401-CV, 1997 WL 536704, at *2 (Tex. App.—Beaumont Aug. 28 1997, no writ) (not designated for publication) (applying the rule 165a(3) standard to a lack-of-diligence dismissal). We conclude that Zarychta did so in this case.

In his motion to reinstate, Zarychta alleged that his failure to prosecute his case with diligence stemmed from the confusion created by a letter sent to him by the district clerk shortly after he filed his suit. In that letter, which was attached to the motion to reinstate, the district clerk informed Zarychta that "our office has received your Writ of Mandamus on December 22, 2009. However, we do not accept these types of Writs. You need to send this to the Court of Criminal Appeals. Therefore, I am returning your Writ to you." The next communication received by Zarychta was the district court's May 20, 2010 dismissal docket notice. As evidenced by a June 5, 2010 letter Zarychta sent to the district court, which he attached to his motion to reinstate and was also a part of the

7

case file before the trial court, it is clear that this confused Zarychta as to the status of his case:

> On June 1, 2010, I received a letter from your office which advised me that I must file a Motion to Retain with the District Clerk's Office . . . . I understand this cause of action to be a Suit . . . that I filed with the Court in November of 2009. The reason that I am not sure is because I never received notice from the Court that it was filed.

We agree with Zarychta that, based on the foregoing, there existed a legitimate dispute about the status of his suit. In other words, based on the representations of the district clerk, it was reasonable for Zarychta to believe that his case was never filed and, for that reason, there was nothing to be diligently prosecuted.

In sum, Zarychta proved that his failure to diligently prosecute his case did not result from conscious indifference but, rather, resulted from another reasonable explanation, namely the confusion created by the district clerk's letter. *See* TEX. R. CIV. P. 165a(3); *see also Sanchez*, 2006 WL 2076752, at *2. As such, we conclude that the trial court acted without reference to guiding rules and principles in denying Zarychta's motion to reinstate and therefore abused its discretion. *See Cappetta*, 222 S.W.3d at 164. Zarychta's second issue is sustained.

## IV. CONCLUSION

We reverse the trial court's judgment and remand with instructions to reinstate Zarychta's case and for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
18th day of August, 2011.

8