# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00791-CV

**Juan Enriquez, Appellant**

**v.**

**Brad Livingston, in his Official Capacity as the Executive Director of the Texas Department of Criminal Justice; Rick Thaler; John Rupert; Brian Tucker; and David Langston, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-10-001559, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

### NO. 03-11-00792-CV

**Juan Enriquez, Appellant**

**v.**

**Brad Livingston, in his Official Capacity as the Executive Director of the Texas Department of Criminal Justice; Rick Thaler; John Rupert; Brian Tucker; and David Langston, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-10-001996, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## MEMORANDUM OPINION

Juan Enriquez appeals the dismissal of his lawsuit for want of prosecution and the denial of his motion to retain and his later motion to reinstate.[1] Because Enriquez never obtained service on the named defendants, who are listed as appellees herein, there is no appellees' brief; the State filed a brief as *amicus curiae*. We will reverse the trial court's judgment and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Enriquez, who is an inmate in a Texas Department of Criminal Justice ("the Department") prison, filed a lawsuit against several officials of the Department alleging that they refused him access to adequate treatment for a tooth cavity. Enriquez alleged that, as a result, he suffered episodes of "acute and extreme pain" for seventeen months. The trial court later notified him that the case was set for dismissal for want of prosecution. Enriquez filed a "Motion to Advance or Reset Hearing Date of Dismissal Setting" as well as a "Verified Motion to Retain and Motion for Evidentiary Hearing." The trial court found that no citation had been issued or served on the defendants despite the fact that the suit had been pending for more than a year. Citing a local rule providing that cases on file for more than 180 days with no answer filed are eligible for dismissal, the court dismissed

---

[1] Enriquez appears to have filed the same petition twice, both of which proceeded individually in the trial court. Enriquez appealed both judgments of dismissal, and we assigned Cause No. 03-11-00791-CV to the first appeal and Cause No. 03-11-00792-CV to the second. The original petitions are substantially identical. The motions to retain in the two cases use different words in certain sections but are not substantively different. The motions to reinstate are also substantively identical. Because the two cases raise identical issues, we decide both appeals together.

the case.  *See* Travis (Tex.) Civ. Co. Ct. Loc. R. 8.1.  Enriquez subsequently filed a "Verified Motion to Reinstate and Motion for Evidentiary Hearing," which the trial court denied without an oral hearing. Enriquez later perfected this appeal.

## STANDARD OF REVIEW

We review the trial court's dismissal for want of prosecution for a clear abuse of discretion. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied).  We apply the same standard to a denial of a motion to reinstate.  *Id*.  A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

## DISCUSSION

Enriquez raises three issues on appeal related to the dismissal of his case for want of prosecution.  He argues that the trial court (1) did not give him proper notice of its intent to dismiss, (2) should have afforded him an oral hearing before dismissing, and (3) after dismissing should have held an oral hearing to consider his motion to reinstate.  A trial court has the power under the rules of civil procedure to dismiss a suit for want of prosecution for failure to appear or noncompliance with supreme court time standards for disposition of cases.  *See* Tex. R. Civ. P. 165a(1), (2).  The court also possesses inherent common-law power to control its own docket.  *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).  Under this power, the court has separate authority to dismiss a case that the plaintiff fails to prosecute with due diligence.  *Id*.  Before dismissing a suit under either power, the court must provide the plaintiff notice and an opportunity to be heard.  *Id*.  For simplicity's

3

sake, we discuss the events of No. 03-11-00791-CV, which are substantively identical to those in No. 03-11-00792-CV.

Enriquez asserts in his first and second issues that the trial court did not give him the notice and the oral hearing that Rule of Civil Procedure 165a requires before dismissing a suit and also that the court did not allow him to participate in that hearing. These issues assume that the court dismissed Enriquez's case under Rule 165a instead of its common-law power to dismiss for lack of due diligence. The original notice sent to Enriquez is not in the record, but the dismissal order recites that the case was pending for fifteen months without service of citation or the filing of an answer. The order makes no mention of Enriquez's failure to appear. The dismissal order cites a local rule of court that provides that cases may be dismissed by the court in two instances: (1) when no answer is filed in a case on file for more than 180 days, or (2) when a case has been on file for 18 months with no trial setting or filings within 180 days. Travis (Tex.) Civ. Co. Ct. Loc. R. 8.1. The local rule does not refer to the specific grounds for dismissal under Rule of Civil Procedure 165a but seems to provide a benchmark for dismissal for lack of due diligence. *See Villarreal*, 994 S.W.2d at 630.

When a court sets a case for dismissal for want of prosecution under its inherent power, the plaintiff is entitled to notice. *Id.* Enriquez details in his brief that on June 3, 2011, he received notice from the trial court that it had set his case for dismissal on June 11, 2011. The court did not actually sign the judgment of dismissal until August 24, 2011, and in the meantime Enriquez submitted several motions, including a "Verified Motion to Retain and Motion for Evidentiary Hearing" before the original hearing date of June 11, 2011. The unexplained delay in signing the dismissal judgment does not change the fact that the court gave Enriquez sufficient notice of its intent to dismiss, allowing

4

Enriquez to file two motions with his own legal arguments for the court to consider. No abuse of discretion has been shown as to notice. We overrule Enriquez's first issue.

A plaintiff also has the right to be heard before the court dismisses under its inherent power, and in many cases that takes the form of an oral hearing at which the defendant is present. *See State v. Rotello*, 671 S.W.2d 507, 508-09 (Tex. 1984). As a prison inmate, however, Enriquez does not necessarily have the right to attend hearings in a civil case. *In re Marriage of Daugherty*, 42 S.W.3d 331, 335 (Tex. App.—Texarkana 2001, no pet.) ("[T]here is no absolute right for an inmate to appear personally in court in a civil case."). Enriquez would have to request that the court order him to be brought to the hearing through a bench warrant or other means, whereupon the court would conduct a separate analysis balancing several factors in determining whether to grant the request. *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The burden is on the inmate to make the request and establish why he should be brought from prison to attend the hearing. *Id.* The trial court has no duty to independently investigate whether the inmate's presence is required. *Id.*; *see Zarychta v. Montgomery Cty. Dist. Att'y*, No. 13-10-00558-CV, 2011 WL 3630512, at *2 (Tex. App.—Corpus Christi Aug. 18, 2001, no pet.) (mem. op., not designated for publication). In the present case, Enriquez did no more than request an oral hearing in order to "substantiate his factual allegations." He submitted no explanation regarding why he needed to be present. Accordingly, we cannot say that the trial court abused its discretion in denying Enriquez an oral hearing on his motion to retain. *See Allen v. Rushing*, 129 S.W.3d 226, 229 (Tex. App.—Texarkana 2004, no pet.). We therefore overrule Enriquez's second issue.

5

In his third issue, Enriquez asserts that the trial court erred in not holding an oral hearing on his motion to reinstate. Enriquez titled his motion to reinstate "Plaintiff's Verified Motion to Reinstate and Motion for Evidentiary Hearing." The motion expressly requested the "oral hearing required by law for motions to reinstate." The Texas Supreme Court has held that a movant who files a timely request for reinstatement under Rule 165a is entitled to an oral hearing. *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (per curiam) ("It is clear that an oral hearing is required on any timely filed motion to reinstate under Tex. R. Civ. P. 165a."). The trial court has no discretion to refuse an oral hearing in that situation. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam) ("[I]t was not within the discretion of the trial court to fail to hold an oral hearing on the motion to reinstate."); *see also In re Marriage of Salas*, No. 12-12-00237-CV, 2012 WL 5031429, at *2 (Tex. App.—Tyler Oct. 17, 2012, no pet. h.) (mem. op.) ("Once a motion to reinstate meets the threshold requirements of being timely filed and verified, a hearing must be held on it regardless of whether the motion states meritorious grounds or whether the facts verified in the motion are sufficient to sustain the movant's burden of proof to warrant reinstatement.").[2] Accordingly,

---

[2] The State raises the possibility that Enriquez's motions to reinstate were not timely filed. *See* Tex R. Civ. P. 165a(3) ("A motion to reinstate . . . shall be filed with the clerk within 30 days after the order of dismissal is signed . . . ."). A *pro se* inmate's filing is "deemed filed at the time the prison authorities duly receive the document to be mailed." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004); *see also Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (applying rule in *Warner* to appellate proceedings). In both cases the record reveals that Enriquez turned the motions to reinstate over to prison authorities within the time allowed by Rule 165a. The trial court dismissed No. 03-11-00791-CV on August 24, 2011, and Enriquez certified that he placed the motion to reinstate in the prison mail on September 23, 2011. The trial court dismissed No. 03-11-00792-CV on August 29, 2011, and Enriquez certified that he placed that motion to reinstate in the prison mail on September 27, 2011. Because both motions were timely on the day Enriquez turned them over to the prison for mailing, *Warner* mandates that the motions are deemed timely filed.

6

the trial court abused its discretion when it denied Enriquez's motion to reinstate without an oral hearing.[3] We sustain Enriquez's third issue.

## CONCLUSION

Having sustained Enriquez's third issue, we reverse the trial court's judgment of dismissal and remand the cause to that court for further proceedings consistent with this opinion.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Reversed and Remanded

Filed:   November 8, 2012

---

[3] We do not address whether the trial court was required to issue a bench warrant to bring Enriquez physically to court, only that Rule 165a requires an oral hearing.  *See In re M.A.R.*, No. 03-10-00444-CV, 2012 WL 593569, at *4 (Tex. App.—Austin Feb. 23, 2012, no pet.) (mem. op.) ("We therefore conclude that the trial court abused its discretion by implicitly denying Martinez's alternative request to appear by some effective means."); *In re A.W.*, 302 S.W.3d 925, 930 (Tex. App.—Dallas 2010, no pet.) ("By denying his request without allowing him to proceed by some other effective means, the trial court abused its discretion.").

7