

# NUMBER 13-20-00473-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF THE MCBRYDE FAMILY TRUST

On appeal from the 198th District Court
of Kerr County, Texas.

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Michelle DeRonde also known as Michelle McBryde (Michelle)[1] appeals the trial court's dismissal for want of prosecution and denial of her motion to reinstate after dismissal without prejudice. *See* TEX. R. CIV. P. 165(a); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (recognizing both common law source of power and rule-based source of power). By two issues, Michelle argues that the trial

---

[1] Since the appellant and the appellee share the same last time, as noted in the first amended notice of appeal, we refer to the parties in this memorandum opinion by their first names.

court abused its discretion by: (1) dismissing the case for want of prosecution due to the delay caused by Covid-19; and (2) denying her motion to reinstate after dismissal without prejudice. We affirm.

## I.  BACKGROUND[2]

Michelle and Marsalie Zinsmeyer[3] sued appellee Cynthia McBryde (Cynthia) on January 11, 2019, for breach of fiduciary duty, and among other things, sought Cynthia's removal as trustee of the McBryde Family Trust. Additionally, the suit included a demand for an accounting, a jury demand, and requests for disclosure. This cause was originally assigned to the 216th Judical District Court, in Kerr County, Texas. Cynthia answered on February 8, 2019, and subsequently moved to transfer the case to the 198th Judical District Court, in Kerr County, Texas, which the trial court granted on February 12, 2019. On March 11, 2019, Michelle filed her first amended pleading with a request for citation filed one day later, and Cynthia then filed her first amended answer.

Approximately eight months later, on November 26, 2019, one of Michelle's attorneys filed a motion for withdrawal of counsel, which was set for a hearing and granted by agreed order. About six months after the agreed order was granted, the trial court noticed a dismissal for want of prosecution hearing and set the hearing for July 29, 2020. Prior to the dismissal hearing, Michelle filed a motion to retain the case on the docket, which Cynthia opposed.

---

[2] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[3] Marsalie Zinsmeyer is a plaintiff in the underlying trial proceeding; however, she is not a party to this appeal.

On July 29, 2020, the trial court held a dismissal hearing and both parties appeared through their attorneys. At the dismissal hearing, the following pertinent exchange occurred:

The Court: I have read each of your pleadings for either retaining or objecting to the retention of the case on DWOP. Is there anything else to add to them?

[Counsel for Michelle]: No, I have nothing else to add.

The Court: This case is four years old, and I know it's not necessarily your fault, because you are coming in on the tail end, but the Court is going to dismiss the case for want of prosecution.

[Counsel for Michelle]: Your Honor, may I add something before you— the case, itself, isn't technically four years old. The issues are four years old, but the original case was filed in the wrong court by another attorney. The case was dismissed by Rule 11 Agreement, and then the Defense entered into an agreement to be able to refile the case, which is what I did when I took over.

I think, because of the issues going on in the world right now, which have particularly affected my family—I have three young children eight and under—I just haven't been able to—you would be punishing my clients for my ability to focus on this case as needed. My hands have been tied.

The Court: What, if anything, did you do on this case from January 11, 2019 until March of 2020?

[Counsel for Michelle]: We did request[s] for disclosure[.] There was— last summer there was talk about depositions. There is a demand for an accounting, which hasn't been provided by the Defense, so that's what has been going on.

3

| [Counsel for Cynthia]: | Your Honor, like in our response, I mean even though the case was refiled in January of 2019, nothing was done other than those requests for disclosure and responses in the last year before COVID hit, and so it's been over 18 months since the refiling of the matter, and, I mean over 45 months since the case was originally filed. |
|---|---|
| | Our client produced over 5,000 pages in 2018 and had a statutory accounting done by a CPA, a considerable cost of the trust that was also provided in the previous cause number. My understanding is counsel has received it, and there were talks of depositions, but none have been set and there was no trial date ever set before COVID hit, and so we would ask that the Court dismiss for want of prosecution because of Plaintiff's lack of diligence in pursuing this matter. |
| The Court: | Court is going to stick with the original ruling and dismiss the case. |
| [Counsel for Michelle]: | Okay. |
| The Court: | If eligible, you can certainly refile. Thank y'all. |

The same day the trial court signed an order dismissing the case for want of prosecution, which stated as follows:

On this date came on to be considered by the Court the matter of its notice given the Parties in the above styled and numbered cause, pursuant to the provisions of Rule 165a, Texas Rules of Court. The Court confirmed that Notice was duly given by the Clerk of the Court of the Court's Intention to dismiss this cause for [W]ant of Prosecution and that the time therein specified has elapsed. It further appeared to the Court at the Dismissal Docket call of 07/29/2020 that since good cause was not shown for the case to be maintained on the docket this cause should be dismissed for Want of Prosecution.

IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that this Cause, be, and the same is hereby

4

dismissed at Plaintiff's Cost, for which let execution issue in favor of the District Clerk of Kerr County, Texas.

On August 18, 2020, Michelle filed a motion to reinstate after dismissal without prejudice, which Cynthia opposed. Subsequently, Cynthia amended her response to include exhibits. A hearing was set on Michelle's motion to reinstate for October 8, 2020. At the motion to reinstate hearing, the trial court heard argument from both Michelle's counsel and Cynthia's counsel and at the conclusion of the hearing the trial court stated: "The Court, considering the totality of the circumstances in this case, at this time is going to deny the Motion to Reinstate." The following day, the trial court signed an order denying Michelle's motion to reinstate, which stated as follows:

> On the 8th day of October 2020, came on for consideration Plaintiffs' Motion to Reinstate After Dismissal Without Prejudice after their case was dismissed for [w]ant of [p]rosecution. After considering Plaintiffs' verified Motion; Defendants' Amended Response thereto verified with exhibits; and the argument and authorities presented by the Parties, the Court is of the opinion and finds that said Motion to Reinstate After Dismissal Without Prejudice should be in all things denied.
>
> It is therefore Ordered that Plaintiffs' Motion to Reinstate After Dismissal Without Prejudice be and is hereby Denied.

This appeal followed.

## II.    DISMISSAL FOR WANT OF PROSECUTION

By her first issue, Michelle argues that the trial court abused its discretion by dismissing the case for want of prosecution due to the delay caused by Covid-19. Specifically, Michelle argues that: (1) the length of time the case was on file was not unreasonable and (2) the justifications for any delay are supported by reasonable excuses, namely: (a) Covid-19, (b) personal issues experienced by plaintiff's counsel, and

5

(c) personal issues experienced by plaintiffs.

## A.     Standard of Review

A dismissal for want of prosecution is reviewed under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *see also Lares v. Guevara*, No. 04-19-00541-CV, 2020 WL 6293152, at *1 (Tex. App.—San Antonio 2020, no pet.) (mem. op.). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner without reference to any guiding rules or principles. *See Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). A trial court does not abuse its discretion when it bases its decision on conflicting evidence or when some evidence of a substantive and probative character exists to support the trial court's decision. *See Tex. Mut. Ins. v. Olivas,* 323 S.W.3d 266, 272 (Tex. App.—El Paso 2010, no pet.) "A reviewing court cannot conclude that a trial court abused its discretion simply because, in the same circumstances, it would have ruled differently, or because the trial court committed a mere error in judgment." *Garcia v. Barreiro*, 115 S.W.3d 271, 274 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.).

When, as here, the record does not contain findings of fact or conclusions of law and the order of dismissal does not specify the reason for dismissal, we must affirm the order on any applicable legal theory supported by the record. *See Rosemond v. Al–Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam); *see also Bechem v. Reliant Energy Retail Servs., LLC*, No. 01-16-00189-CV, 2017 WL 976069, at *3 (Tex. App.—Houston [1st

6

Dist.] Mar. 14, 2017, pet. denied) (mem. op.).

**B.     Applicable Law**

There are two sources for the trial court's authority to dismiss for want of prosecution: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Villarreal*, 994 S.W.2d at 630; *see also Lares*, 2020 WL 6293152, at *1. Under Rule 165a, the trial court may dismiss a case when "a case is 'not disposed of within [the] time standards promulgated by the Supreme Court [under its Administrative Rules may be placed on a dismissal docket].'" *See In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (per curiam) (quoting TEX. R. CIV. P. 165a(2)); *see also In re Trane U.S. Inc.*, No. 13-18-00008-CV, 2018 WL 1192712, at *6 (Tex. App.—Corpus Christi–Edinburg Mar. 6, 2018, no pet.) (mem. op.) (explaining that "[i]n such cases, '[a] court shall dismiss . . . unless there is good cause for the case to be maintained on the docket'" (quoting TEX. R. CIV. P. 165a)).

The Texas Rules of Judicial Administration require district courts to ensure, "so far as reasonably possible," that civil cases in which a jury has been demanded, other than those arising under the Family Code, are brought to trial or final disposition within eighteen months from appearance date. *See* TEX. R. JUD. ADMIN. 6.1; *see also Doss v. Robison*, No. 04-16-00560-CV, 2017 WL 2124488, at *2 (Tex. App.—San Antonio 2017, no pet.) (mem. op.) ("The Texas Supreme Court's time standards 'provide the prima facie standard for what is unreasonable' in terms of prosecuting a case.") (citing *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.—Corpus Christi–Edinburg 1992, no writ.)). Accordingly, a plaintiff has a duty to "prosecut[e] the suit to conclusion with

7

reasonable diligence," and if the plaintiff fails in that duty, the trial court may dismiss the case for want of prosecution. *In re Conner*, 458 S.W.3d at 534 (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)).

Under its common law inherent authority, s*ee Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004), a trial court may dismiss independent of the rules of procedure when a plaintiff fails to prosecute its case with due diligence. *See Villarreal*, 994 S.W.2d at 630. To decide the diligence issue, trial courts may consider the entire history of the case. *See Dobroslavic v. Bexar Appraisal Dist.,* 397 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, pet. denied). A trial court will generally consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. *Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Delgadillo v. Bandera Auto Sales*, No. 04-19-00536-CV, 2020 WL 2858814, at *2 (Tex. App.—San Antonio, June 3, 2020, no pet.) (mem. op.). A single factor is not dispositive. *See Dobroslavic*, 397 S.W.3d at 729. The central issue is whether the plaintiff exercised due diligence in prosecuting the case, and we review the entire record to determine whether the trial court abused its discretion. *Henderson*, 465 S.W.3d at 320–21. Due diligence is generally a question of fact. *See Christian v. Christian*, 985 S.W.2d 513, 515 (Tex. App.—San Antonio 1998, no pet).

Nonetheless, the Texas Supreme Court has held that a trial court abuses its discretion by refusing to grant a motion to dismiss for want of prosecution in the face of

8

unmitigated and unexplained delay. *See In re Conner*, 458 S.W.3d at 534; *see also In re Trane U.S. Inc.*, 2018 WL 1192712, at \*6. A delay of an unreasonable duration, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit. *See Cotton v. Briley*, 517 S.W.3d 177, 182 (Tex. App.—Texarkana 2017, no pet.) The failure to provide good cause for the delay mandates dismissal. *See In re Conner*, 458 S.W.3d at 535.

The party opposing the dismissal has the burden to produce evidence showing good cause for its delay in prosecuting the case. *See Cotton*, 517 S.W.3d at 182; *see also Olivas*, 323 S.W.3d at 274 ("The complaining party has the burden to bring forth a record to support its contention.").

## C. Analysis

### 1. Length of Time & Extent of Activity

Michelle concedes in her brief that the case had been on file for eighteen months, but argues this time period was not unreasonable in light of the circumstances. In support of her argument, Michelle first contends the time period was not unreasonable because (1) the case was filed in January of 2019 with Cynthia's answer filed on February 8, 2019, and a first amended petition filed on April 11, 2019, (2) between April of 2019 and August 2019, the parties responded to discovery and discussed setting oral depositions, (3) between August 2019 and June 2020 there was little movement in the case except that Michelle was owed a past-due accounting, and (4) in mid-March of 2020, Covid-19 began.

Second, Michelle asserts that the trial court erroneously stated at the dismissal hearing that the case had been on file for four years and erred in examining a time frame

9

for which the case at bar had been on file by reviewing a previous case filed under a different cause number that was nonsuited by agreement of the parties. Third, Michelle urges us to focus our examination of the facts in this case to the time between August 2019 and March of 2020, when she contends "society came to a screeching halt." Lastly, Michelle relies on three cases, namely, *City of Houston v. Robison*, 837 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.] 1992, no writ), *Bard v. Frank B. Hall & Co.,* 767 S.W.2d 839, 843–44 (Tex. App.—San Antonio 1989, writ denied), and *Ozuna v. Sw. Bio-Clinical Labs*, 766 S.W.2d 900, 902 (Tex. App.—San Antonio 1989, writ denied), to support her argument that cases typically lie dormant for much longer than this case. We address each of these arguments in turn.

Even without considering a prior iteration of the case to address Michelle's first two points, Michelle's activity over the course of eighteen months in the record—from inception to the dismissal hearing—consists of a total of seven filings: (1) an original petition, (2) an amended petition, (3) a citation request for the amended petition, (4) a motion for withdrawal of counsel, (5) a notice of hearing on the motion for withdrawal of counsel, (6) an agreed order on the motion for withdrawal of counsel, and (7) a motion to retain. *See generally, Olivas*, 323 S.W.3d at 275. Additionally, despite Michelle's argument that between April of 2019 and August 2019 the parties responded to discovery and discussed setting oral depositions, there are no discovery responses, discussions of potential dates for depositions, deposition notices, or deposition transcripts in the clerk's record for our review.[4]

---

[4] We note that based on a review of the reporter's record from the dismissal hearing, Cynthia appears to concede that discovery responses were completed, but other than this concession there are no

With regard to the alleged past-due accounting that Michelle argues she was owed, other than the request in Michelle's pleading, we do not see a follow-up request in the record. We also observe that at the dismissal hearing, Cynthia disputed that a past-due accounting was owed to which Michelle did not respond. Also, while we acknowledge that the Covid-19 pandemic began in March of 2020, Michelle does not articulate how Covid-19 contributed to her delay in the case with respect to the length of time the case was on file.[5] Additionally, aside from the filing of the motion to retain, which was filed after the trial court issued the dismissal hearing notice the record does not show any activity in the case from March of 2020 to the dismissal hearing.

Next, while Michelle urges us to focus our examination on a six-to-seven-month time period of August 2019 to March of 2020, our review of the record for that time period reveals primarily inactivity in that Michelle only filed a motion for withdrawal of counsel, a hearing on such motion, and obtained a ruling on such motion. *See generally*, *Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied) (affirming dismissal after the trial court issued its notice of intent to dismiss after the suit had been on file for seven months with no activity other than two amendments of the petition and where appellant did not cause citation to be issued or the defendant served until after the court issued the Rule 165a notice); *see also Est. of Hormuth*, No. 04-16-00269-CV, 2017 WL 1683716, at *3 (Tex. App.—San Antonio May 3, 2017, pet. denied) (mem. op.)

_____

discovery responses in the clerk's record for our review. Further, it is unclear from the reporter's record if Cynthia filed responses or whether Michelle filed responses.

[5] We do note that Michelle later in her briefing expands on this argument, which we subsequently address.

(considering an additional four-month period of inactivity, among other things, in analyzing whether trial court erred in party's motion to dismiss and finding the trial court did not abuse its discretion). We also observe that while Michelle asserts "society came to a screeching halt" during this time period, she does not explain how she was deprived of the ability to diligently pursue her case.

Lastly, while Michelle directs us to three cases to support her argument that cases dismissed are typically lying dormant for much longer than this case, we do not find such argument persuasive as neither of her cases set a bright-line rule only allowing the trial court to dismiss a case after a required length of inactivity.[6]  Rather, as here, the reviewing court looks at the particular facts of the case in affirming dismissal. *See City of Houston v. Robison*, 837 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.] 1992, no writ) (affirming dismissal after the case had been pending for slightly less than one year and considering that appellants had only filed a petition and request for service, a motion to retain, presented no reasonable excuses to justify lack of service, and the record showed that there was no evidence of diligence used in locating the defendant); *Bard v. Frank B. Hall & Co.,* 767 S.W.2d 839, 844 (Tex. App.—San Antonio 1989, writ denied) (affirming dismissal after explaining that "[i]n the instant case, there was no activity by *plaintiff* from February 17, 1987, until the dismissal docket call on November 13, 1987: almost nine months") (emphasis in original).

---

[6] We observe that one of these cases, *Ozuna v. Sw. Bio-Clinical Labs*, has been overruled. *See* 766 S.W.2d 900 (Tex. App.—San Antonio 1989, writ denied), *overruled by Cappetta v. Hermes*, 222 S.W.3d 160 (Tex. App.—San Antonio 2006, no pet.). For this reason, we do not discuss it.

Therefore, based on the record, the trial court did not err because Michelle did not establish good cause to maintain the case on the docket or that she exercised reasonable diligence in the prosecution of her suit.

### 2.    Reasonable Excuses

Michelle next argues that the justifications for any delay are supported by reasonable excuses, namely, Covid-19, personal issues experienced by her counsel, and personal issues experienced by plaintiffs.

#### a.    Covid-19

Michelle elaborates on her argument related to Covid-19 by asserting that the trial court had the authority to extend deadlines until September 30, 2020 under the emergency order in effect at the time Michelle filed her motion to retain. *See Eighteenth Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 122 (Tex. 2020). Further, Michelle contends that out of the eighteen months the case was on file, approximately five of those months were during the shutdown caused by Covid-19. Michelle argues that during that time her ability to prosecute her case was severely hindered due to her counsel's family circumstances and the impact of virtual schooling. A review of the emergency order in effect at the time Michelle filed her motion to retain shows the trial court had the discretion to extend deadlines; thus, it was not mandatory.[7]

---

[7] We additionally note that Michelle argues that the "[t]he Order also stated that Court[s] were prohibited from conducting in-person hearings and trials without express permission from the Office of Court Administration[,]" however, Michelle has not included anything in the record to show that an operating plan was not submitted, as discussed under the emergency order as follows:

> [C]ourts must not conduct in-person proceedings contrary to the *Guidance for All Court Proceedings During COVID-19 Pandemic* ("Guidance") issued by the Office of Court Administration, which may be updated from time to time, regarding social distancing, maximum group size, and other restrictions and precautions. Prior to holding any in-person

Specifically, the order states in relevant part:

> [S]ubject only to constitutional limitations, all courts in Texas **may** in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent: (a) except as provided in paragraph (b), **modify or suspend any and all deadlines and procedures**, whether prescribed by statute, rule, or order, for a stated period ending no later than September 30, 2020[;] . . .

*See id*. at 122–23 (emphasis added).

Additionally, while we are not unsympathetic to Michelle's counsel's plight regarding the need to assist and supervise his children during Covid-19, the trial court could have reasonably concluded that these events did not fully contribute to the overall minimal activity for a case on file for eighteen months. *See Garcia* 115 S.W.3d at 274; s*ee also Doss*, 2017 WL 2124488, at *3 (explaining that to the extent that the appellant "claimed that the inactivity in the case was attributable to his wife's death and his seven-month recovery from heart surgery, the trial court could have reasonably concluded that these events did not fully explain the lengthy, five-year delay in prosecuting this case"). Lastly, while Michelle contends that Covid-19 significantly impacted the ability to pursue her case from March of 2020 to July of 2020, she fails to explain how the closures affected her case, other than this conclusory statement. Therefore, the trial court could have reasonably concluded that Covid-19 was not a reasonable excuse for delay.

### b.    Personal Issues Experienced by Michelle's Counsel

Next, Michelle asserts that her counsel had certain unexpected personal issues

---

proceedings, a court must submit an operating plan that is consistent with the requirements set forth in the Guidance. Courts must continue to use all reasonable efforts to conduct proceedings remotely.

*See Eighteenth Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 123 (Tex. 2020).

and professional matters that inhibited his ability to diligently pursue her case between August of 2019 to March of 2020. Specifically, she asserts that a congenital defect was discovered in her counsel's youngest child who had just turned one, which required major surgery, a shutdown of his private practice for a multitude of reasons, and he transitioned to a larger firm. Again, while we are not unsympathetic, Michelle did not raise her counsel's child's medical needs in the motion to retain or at the dismissal hearing as a reasonable excuse for the delay. Thus, we do not find this argument preserved. *See* TEX. R. APP. P. 33.1; *McLeod v. Gyr*, 439 S.W.3d 639, 648 (Tex. App.—Dallas 2014, pet. denied).

Additionally, with regard to Michelle's counsel's private practice shutting down and his transition to another law firm, Michelle does not provide us with any explanation for how long this transition took or what occurred to cause delay, other than to assert it occurred between the months of August 2019 to March 2020. *See Cotton*, 517 S.W.3d at 183 (discussing that "[c]lients 'cannot rely upon any failure on the part of [their] chosen attorney . . . as an excuse for lack of diligence, because the acts of one's attorney is imputed to the client'") (quoting *Weaver v. E-Z Mart Stores, Inc.,* 942 S.W.2d 167, 170 (Tex. App.—Texarkana 1997, no writ)). Therefore, the trial court did not err in determining that the personal issues experienced by Michelle's counsel were not a reasonable excuse for delay.

### c. Personal Issues Experienced by Plaintiffs

Next, Michelle expounds on her argument related to personal issues experienced by herself and her co-plaintiff by asserting that they were both involved in personal

15

litigation matters apart from these proceedings that took precedence. Specifically, Michelle asserts that she went through a divorce and the other plaintiff went through a custody battle during the pendency of this case. Michelle also contends that she moved across the state from West Texas to Kerr County. However, neither the divorce proceeding nor the child custody proceeding were mentioned in the motion to retain or at the dismissal hearing to the trial court. Michelle's move was also not raised in the motion to retain or the dismissal hearing to the trial court, thus we do not find these arguments preserved for our review in the dismissal for want of prosecution context. *See* TEX. R. APP. P. 33.1; *McLeod*, 439 S.W.3d at 648.

Accordingly, we hold that the trial court did not err in granting the dismissal for want of prosecution, and we overrule Michelle's first issue.

### III.  REINSTATEMENT

By her second issue, Michelle contends that the trial court erred in denying her motion to reinstate. Specifically, Michelle argues that: (1) for the first six months of the case, litigation was "moving along at a normal, if not, brisk pace" with requests for disclosure being served, a request for an accounting from her, and an exchange of preliminary information in order to conduct depositions; (2) at most there were twelve months of inactivity in the case due, in part, to her's counsel's family issues, Michelle's counsel changing law firms, and Covid-19; (3) she was involved in a divorce action and her co-plaintiff was involved in a child custody proceeding; (4) her counsel informed the trial court at the hearing that discovery could be completed reasonably quickly and a jury setting had within six months; and (5) Cynthia waived any claim of estoppel or delay when

16

the parties entered into an agreement to extend the statute of limitations in the prior case when it was voluntarily dismissed for jurisdictional issues.

## A.    Standard of Review & Applicable Law

We review a trial court's denial of a motion to reinstate for abuse of discretion. *See Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.); *Zarychta v. Montgomery Cty. Dist. Atty.*, 398 S.W.3d 260, 264 (Tex. App.—Corpus Christi–Edinburg 2011, pet. dism'd). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *See Zarychta*, 398 S.W.3d at 264; *see also Sanchez v. Garcia*, No. 13-05-557-CV, 2006 WL 2076752, at *3 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied) (mem. op.) ("The trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and existence of reasonable excuses for delay."). Under the Texas Rules of Civil Procedure, "[t]he court shall reinstate the case upon finding after a hearing that the failure of a party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3); *Kirkpatrick v. Silva*, No. 04-17-00146-CV, 2018 WL 521628, at *2 (Tex. App.—San Antonio 2018, no pet.) (mem. op.) ("A motion to reinstate is a mechanism to prevent cases from being improperly dismissed."). "The operative standard is essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcock Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). Conscious indifference requires more

17

than mere negligence. *See Olivas*, 323 S.W.3d at 276; *see also Kirkpatrick*, 2018 WL 521628, at *2.

In order to determine whether the trial court abused its discretion in refusing reinstatement, we review the entire record and determine whether the evidence was sufficient to find that the failure of the party was not due to accident, mistake, or other reasonable explanation. *See Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ); *see also Torres v. Rios*, 869 S.W.2d 555, 557 (Tex. App.—Corpus Christi–Edinburg 1993, no writ). The party requesting reinstatement has the burden to bring forth a record establishing entitlement to relief. *See Kenley v. Quintana Petroleum Corp.,* 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied). Where a case is dismissed for want of prosecution at a subsequent hearing on a motion to reinstate, the movant must show that reasonable diligence has been used in prosecuting the case. *See MacGregor*, 941 S.W.2d at 75–6; *Dolenz v. Pirates Cove Water Supply & Sewage Serv. Corp.*, No. 13-03-271-CV, 2004 WL 2535396, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 10, 2004) (mem. op.). If an order dismissing a case does not state the grounds on which it was granted, then the party seeking reinstatement must negate all possible grounds for dismissal. *Henderson*, 465 S.W.3d at 323.

## B.     Analysis

Michelle raises several of the same arguments for reinstatement that she previously asserted for reversal of the trial court's dismissal for want of prosecution. However, we will not re-tread arguments already raised and overruled unless further information on such argument is made for reinstatement. In the motion to reinstate,

18

additional information was provided regarding Michelle's counsel changing law firms. While it was specified that he transitioned to a new firm in January of 2020, no additional details were provided that would justify a delay in pursuing Michelle's case. *See generally, Henderson*, 465 S.W.3d at 323 (discussing inadequacy of attempted justification by appellant by explaining that: "[appellant's] only justification is a statement in the motion to reinstate that 'Plaintiff's Attorney overlooked the trial setting.' [Appellant] provided no evidence elaborating as to *why* counsel overlooked the trial setting or other contextual information, such as counsel's business practices relating to court scheduling or circumstances on the day of trial") (emphasis in original).

Michele also contends that her counsel's youngest child had abdominal surgery in the spring of 2019 and since his wife is a physician that works seventy to eighty hours a week, he was the primary parent in that regard. However, given that the record shows that Michelle had another attorney until December of 2019, the trial court could have found this to not be a sufficient excuse. Additionally, Michelle argued in her motion to reinstate that since her counsel's wife is an essential worker, he had to spend much of his time during the spring semester home with his children acting as their instructor and not working full-time. Again the trial court could have found this to be an insufficient excuse if there was some time to permit pursuit of Michelle's case. Michelle also asserts that her attorney spent fourteen days in quarantine in May of 2020 after potentially being exposed to Covid-19. While we acknowledge the need to quarantine for a potential Covid-19 exposure, the trial court could have reasonably found that a fourteen-day delay due to the

quarantine did not sufficiently justify the minimal activity conducted in this case which spanned eighteen months at the time of dismissal.

Michelle next contends that she was involved in a divorce proceeding and her co-plaintiff who is not a party to this appeal was involved in a child-custody proceeding while this case was pending that required extensive amounts of their time, and took an emotional toll. Although Michelle did not clarify in her motion to reinstate or at the hearing on the amount of time these proceedings took, Cynthia attached an exhibit to her amended response to the motion to reinstate that provides some insight on the time it took for the divorce proceeding. [8] The pertinent exhibit appears to be a divorce proceeding involving Michelle that shows the filing of an original petition on July 18, 2019—approximately six months after this proceeding started—and appearing to end by an agreed divorce on October 30, 2019, which is well before the dismissal hearing. Nonetheless, even if we do not consider this exhibit in the record, Michelle does not provide any other detail as to what these other proceedings entailed to provide some reasonable explanation for a lack of diligence in this case, such as a general time frame of the proceedings, time away for depositions or time away for gathering voluminous documents. Indeed, all that Michelle contends is that there was a delay in this case because of other pressing proceedings. *See S. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex. 1975) ("Delay haunts the administration of justice.")

---

[8] We observe that Cynthia also attached an exhibit to her amended response to the motion to reinstate that appears to be related to the child custody proceeding; however, since it is not clear that it involves the co-plaintiff, as the petitioner has a different last name, we do not consider it on review.

20

Michelle also argues that discovery in this case could be completed reasonably quickly and a jury setting had within six months, but this does not explain past inactivity. *See Dobroslavic*, 397 S.W.3d at 730 (explaining in the motion to retain and dismissal hearing context that "[a]ppellants' arguments focused on their desire to prosecute this case and their trial readiness. But reasonable diligence in prosecuting a suit is not established simply by. . . a stated readiness to proceed to trial"); *see also Sanchez*, 2006 WL 2076752, at *1 (affirming denial of motion to reinstate where appellant nonetheless testified at motion to reinstate hearing that she was able to proceed with a jury trial if the case were reinstated).

Michelle next contends in her motion to reinstate that "[d]espite a demand being made, Defendant has not produced an accounting[,]" and references a request for an accounting to be made on appeal. This contention was disputed by Cynthia's counsel at the motion to reinstate hearing, and we observe that Michelle's counsel responded by arguing, in relevant part, that:

> While I don't—what [Cynthia's counsel] is saying about the accounting, I think is true in part and not true in part. This cause of action is its own cause of action. Whatever case was before this, whatever documents were turned over as part of any discovery requests in that case, simply that doesn't meet the standard for the request for the accounting in this case, so technically they are in default for our request for accounting, because the accounting that may have been provided or was provided was under a separate cause of action, so this notion that they have complied with all requests, that just simply isn't completely accurate.

However, even assuming the accounting was past due, we do not see anything in the record where Michelle attempted to obtain it other than in Michelle's pleading. *See Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 58 (Tex. App.—San Antonio 2002,

pet. denied) (finding the trial court did not abuse its discretion in failing to reinstate the case where it considered, in part, that while there was evidence that appellant's counsel sent a letter to opposing counsel in the month of October 1999 requesting deposition dates, there is no other evidence presented by appellants as to whether there was any follow up on this).

Finally, although Michelle contends Cynthia waived any claim of estoppel or delay when the parties entered into an agreement to extend the statute of limitations in the prior case when it was voluntarily dismissed for jurisdictional issues, we do not find this argument persuasive. Initially, we observe this argument undermines Michelle's previous argument that the trial court erred in examining the timeframe for which the case at bar had been on file by reviewing a previous case filed under a different cause number that was nonsuited by agreement of the parties. Additionally, while Michelle argues that Cynthia has waived any claim of delay, the trial court set the dismissal hearing, not Cynthia, and the trial court heard Michelle's motion to reinstate. We also do not observe any agreement extending the statute of limitations in the record for us to review. Accordingly, we hold that the trial court did not err in denying reinstatement as Michelle has not met her burden to prove entitlement to reinstatement, given the circumstances presented. We overrule her second issue. *See* TEX. R. CIV. P. 165a(3); *see also Kirkpatrick*, 2018 WL 521628, at *5.

22

## IV.   Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed on the
21st day of October, 2021.